Thomas L. Simek (DC Bar #57268)
Anthony C. Biagioli (MO Bar # 72434)
Attorneys for Plaintiff
COMMODITY FUTURES TRADING COMMISSION
2600 Grand Boulevard, Suite 210
Kansas City, MO  64108
Telephone: (816) 960-7700
tsimek@cftc.gov
abiagioli@cftc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Commodity Futures Trading Commission, | **CIVIL ACTION NO:  3:22-cv-05416-WHO** |
| Plaintiff, | **Hon. William H. Orrick** |
| v. | |
| Ooki DAO (formerly d/b/a bZx DAO), an unincorporated association, | **PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT OOKI DAO** |
| Defendant. | NOTICED HEARING DATE AND TIME:  Wednesday, November 9, 2022, at 2:00 p.m. |

Plaintiff Commodity Futures Trading Commission ("Commission") hereby gives notice

that a hearing on its Motion for Alternative Service Against Defendant Ooki DAO ("Motion")

will take place on Wednesday, November 9, 2022 at 2:00 p.m. at the United States District Court

for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San

Francisco, CA 94102, Courtroom 2, 17th Floor.

The Motion requests that the Court order that the Commission may serve the summons

and complaint in this action on the Ooki DAO via the online mechanisms the Ooki DAO has

- 1 -

created to allow itself to be contacted by the public; and, since the Commission provided the Ooki DAO the summons and complaint via those mechanisms on September 22, 2022 (in order to guard against potential evasion of service of process, as set forth below), that the Commission effectively served the Ooki DAO on that date.

## POINTS AND AUTHORITIES

### I.    Statement of Issue To Be Decided

This Motion presents the following issue to be decided by the Court:

1.    Whether the Commission may serve the Ooki DAO—a decentralized autonomous organization ("DAO") made up of certain anonymous users of the trading platform it operates and which has no physical office address or any publicly identifiable persons associated with its business—via a help chat box ("Help Chat Box") (with contemporaneous notice on an online discussion forum ("Online Forum") on the Ooki DAO's website to view the Help Chat Box); where the Help Chat Box and Online Forum are the sole mechanisms the Ooki DAO has chosen for the public to contact it directly, and where courts in this circuit have authorized similar service (e.g., by email) on similarly situated organizations (e.g., those who merely operated a website, had no known physical location, and provided on the website only an email address to be contacted).

### II.    Statement of Facts

In support of its Motion, the Commission states the following facts:

1.    On September 22, 2022, the Commission filed a Complaint against the Ooki DAO (formerly doing business as the bZx DAO), alleging violations of Sections 4(a) and 4d(a)(1) of

the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6(a), 6d(a)(1), and Commission Regulation ("Regulation") 42.2, 17 C.F.R. § 42.2 (2021).  ECF No. 1.

2. As alleged in the Complaint, from approximately June 1, 2019 through August 23, 2021, bZeroX, LLC ("bZeroX") and its owners—Tom Bean ("Bean") and Kyle Kistner ("Kistner")—designed, deployed, marketed, and made solicitations concerning a blockchain-based software protocol (the "bZx Protocol") that accepted orders for and facilitated margined and leveraged retail commodity transactions (functioning similarly to a trading platform).  The Complaint alleges that, in so doing, bZeroX—which had never registered with the Commission—unlawfully engaged in activities that could only lawfully be performed by a registered designated contract market ("DCM") and other activities that could only lawfully be performed by a registered futures commission merchant ("FCM") under the Act, 7 U.S.C. §§ 1-26, and Regulations, 17 C.F.R. pts. 1-190 (2021).  In addition, bZeroX failed to conduct know-your-customer ("KYC") diligence on its customers as part of a customer identification program ("CIP"), as required of FCMs by the Regulations.  ECF No. 1 ¶ 1.

3. As further alleged in the Complaint, on approximately August 23, 2021, bZeroX transferred control of the bZx Protocol to the bZx DAO, which subsequently, on approximately December 18, 2021, renamed itself and is now doing business as the Ooki DAO.  The Complaint alleges that the Ooki DAO is an unincorporated association comprised of holders of OokiDAO Tokens ("Ooki Tokens") who vote those tokens to govern (e.g., to modify, operate, market, and take other actions with respect to) the bZx Protocol (which the Ooki DAO has renamed the "Ooki Protocol").  The Complaint further alleges that from approximately August 23, 2021 to the present, the Ooki DAO has operated, marketed, and made solicitations concerning the Ooki Protocol in the same manner as bZeroX, Bean, and Kistner before it, and in violation of the same

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT OOKI DAO

provisions of the Act and Regulations that bZeroX, Bean, and Kistner violated.   ECF No. 1 ¶¶ 2, 4.

4.       As alleged in the Complaint, a key bZeroX objective in transferring control of the bZx Protocol (now the Ooki Protocol) to the bZx DAO (now the Ooki DAO) was to attempt to render the bZx DAO, by its decentralized nature, enforcement-proof.  Put simply, the bZx Founders believed they had identified a way to violate the Act and Regulations, as well as other laws, without consequence.  A bZx Founder so stated on a call with bZeroX community members prior to transferring control of the bZx Protocol to the bZx DAO:

> It's really exciting.  We're going to be really preparing for the new regulatory environment by ensuring bZx is future-proof.  So many people across the industry right now are getting legal notices and lawmakers are trying to decide whether they want DeFi companies to register as virtual asset service providers or not – and really what we're going to do is take all the steps possible to make sure that when regulators ask us to comply, that we have nothing we can really do because we've given it all to the community.

ECF No. 1 ¶ 3.

5.       On September 22, 2022, in a Commission Order issued concurrently with the Complaint, bZeroX, Bean, and Kistner resolved charges with the Commission in connection with their unlawful conduct.  *See In re bZeroX, LLC, Tom Bean, and Kyle Kistner*, CFTC No. 22-31 (Sept. 22, 2022).

6.       By choosing to organize itself as a DAO, the Ooki DAO has structured its business in a way that has erected significant obstacles to traditional service of process.  The Ooki DAO has no headquarters or physical office location; no mailing address; does not appear to be registered in any jurisdiction; and does not have a listed president, secretary, treasurer, or

agent appointed to accept service. *See* Declaration of Brittne Snyder ("Snyder Declaration") (attached hereto as Exhibit 1) ¶¶ 5-6, 8 & Ex. A.

7.      Instead, it is a completely decentralized unincorporated association of anonymous individual Ooki Token holders who have voted those tokens to participate in the business of operating the Ooki Protocol.  The Ooki DAO offers a website to access the Ooki Protocol (ooki.com).  Through that website, users may submit comments or requests for assistance through a Help Chat Box linked through the website.  Separately, the website links to an Online Forum for Ooki Token holders to discuss and vote on Ooki DAO governance issues (forum.ooki.com).  Snyder Declaration ¶¶ 5, 7.

8.      The Commission took extensive steps to attempt to identify an individual authorized to accept service of process on the Ooki DAO's behalf or a physical location to which a summons and complaint could be mailed.  For example, the Commission searched law enforcement databases for any contact information associated with the Ooki DAO; searched the Ooki DAO website and the internet for any information regarding identifiable members associated with the Ooki DAO or a physical address; and searched business registration websites for all 50 states for any registration information and associated identification of authorized agents for service of process.  However, the Commission has not identified any such relevant information.  Snyder Declaration ¶¶ 5-6, 8 & Ex. A.

9.      In addition, on the same date it filed the Complaint, the Commission provided copies of the summons, complaint, and additional related papers to the Ooki DAO via the Ooki DAO's Help Chat Box (through a submission with attachments via the Help Chat Box); and further provided notice of the action via the Ooki DAO's Online Forum (which does not permit the posting of attachments).  In addition, the day after serving the summons, complaint, and certain additional related papers, the Commission served additional related papers on the Ooki

DAO via the Help Chat Box, with contemporaneous notice of such service via the Online Forum.[1]  In these communications, the Commission requested that the Ooki DAO contact counsel for the Commission to discuss the litigation, including service of process.[2]  As of the filing of this motion, the Ooki DAO has not responded to the request to contact counsel for the Commission.  Snyder Declaration ¶¶ 9-12.

10.     Nevertheless, it appears that the Ooki DAO, and many of its members and platform users, are in fact aware of the action.  The Commission has observed at least 38 messages discussing the Commission's complaint against the Ooki DAO in the Ooki DAO's Telegram Channel, including by a participant listed as an Ooki DAO "Community admin" who predicted "there will be an official statement from the OokiDAO team soon."  Snyder Declaration ¶ 13.  Similarly, according to data listed publicly in the Online Forum, there have been at least 112 views of the CFTC's post in the Online Forum regarding the action.  Snyder Declaration ¶ 15.  More generally, this action has been well-publicized and has been extensively discussed on social media, including in over 1,000 tweets on Twitter.  Snyder Declaration ¶ 14.

## III.   **Argument**

The Court should authorize service of the complaint and summons through the Ooki DAO's Help Chat Box on the Ooki DAO's website, with contemporaneous notice through

---

[1]      The CFTC is concurrently filing with this Motion a Certificate of Service detailing each additional document served on the Ooki DAO, to comply with Judge Orrick's Standing Order for Civil Cases ¶ 9, which requires service of all of Judge Orrick's standing orders and the filing of a Certificate of Service certifying that such service occurred.

[2]      The Commission provided the documents to the Ooki DAO in this manner to guard against potential evasion of service of process by the Ooki DAO upon learning of the Commission's action against it—for example, by disabling the Help Chat Box and/or the Online Forum.  The Commission reasonably anticipated such conduct in light of the fact that the Ooki DAO was founded, according to Kistner, in part to avoid compliance with its legal obligations.  By this Motion, the Commission is requesting that the Court direct that service of process be made by these mechanisms; and, since the Commission provided the documents in this manner on September 22, 2022, that the Court hold that the Commission effectively served the Ooki DAO on that date.

posting in the Ooki DAO Online Forum.  There are significant obstacles to serving the Ooki DAO using other methods, and the proposed service methods are reasonably calculated to give actual notice of this action.

Federal Rule of Civil Procedure ("FRCP") 4(h)(1) provides that a corporation, partnership, or other unincorporated association "must be served . . . in a judicial district of the United States:  (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . ."  As described above, none of the predicates to satisfy FRCP 4(h)(1)(B) exist (i.e., there is no officer, managing or general agent, etc.).  Thus, per FRCP 4(h)(1)(A), the Commission must serve the Ooki DAO in a manner prescribed by FRCP 4(e)(1), which permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

The traditional California state law service provisions potentially applicable to this action require steps—such as serving an identifiable person, or leaving or mailing the summons at or to an identifiable physical address—that present significant obstacles to successful service.  *See, e.g.*, CAL. CIV. PRO. CODE § 416.40 (permitting service on specified officers or agents associated with unincorporated association or when authorized by Section 18220 of the California Corporations Code); CAL. CORP. CODE § 18220 (similarly permitting service by personal delivery to authorized individuals or delivery by hand or mail to a physical office location); *cf.* CAL. CIV. PRO. CODE § 415.95 (permitting service on a business organization whose form is not known by leaving a copy of the summons and complaint with the person apparently in charge of the physical office followed by mailing copies to that physical office address).  Here, as set forth

- 7 -

above, the Ooki DAO has no headquarters or physical office location; no mailing address; does

not appear to be registered as any type of entity or association in any jurisdiction; and does not

have a listed president, secretary, treasurer, or agent appointed to accept service.  Instead, it is a

completely decentralized unincorporated association of anonymous individuals which merely

offers a website to access the Ooki Protocol and an online forum for Ooki Token holders to

discuss and vote on Ooki DAO governance issues.  Thus, the service provisions described above

do not appear to provide viable avenues for service.

In light of this, the Court should direct that the summons and complaint be served under

California's alternative service provision permitting service in a manner reasonably calculated to

give actual notice to the defendant.  CAL. CIV. PRO. CODE § 413.30 ("[w]here no provision is

made in this chapter or other law for the service of summons, the court in which the action is

pending may direct that summons be served in a manner which is reasonably calculated to give

actual notice to the party to be served and that proof of such service be made as prescribed by the

court.").  Courts in the Ninth Circuit have regularly upheld service under this provision by

whatever means of electronic communication a business organization with no physical address

makes available on its website to contact the organization—in many cases, for example, via

email.  *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018-19 (9th Cir. 2002)

(holding that email service was constitutionally acceptable where it was "reasonably calculated

to apprise [the defendant] of the pendency of an action and afford it an opportunity to respond");

*Optima Direct, LLC v. Yageo America Corp.*, No. 21-cv-02823-DMR, 2021 WL 6051738, at *2-

3 (N.D. Cal. Dec. 21, 2021) (citations omitted) (upholding service by email).  The Ninth Circuit

has confirmed that service in this manner is appropriate where the defendant had "neither an

office nor a door; it had only a computer terminal," it had "structured its business such that it

could be contacted only via its email address," and where email was "the method of

- 8 -

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT OOKI DAO

communication which [defendant] utilizes and prefers." *Rio Props.*, 284 F.3d at 1017-18

("Courts ... cannot be blind to changes and advances in technology.  No longer do we live in a

world where communications are conducted solely by mail carried by fast sailing clipper . . .

ships.  Electronic communication via satellite can and does provide instantaneous transmission

of notice and information.  No longer must process be mailed to a defendant's door when he can

receive complete notice at an electronic terminal inside his very office, even when the door is

steel and bolted shut.") (citation omitted).

Here, while the Ooki DAO does not list an email address where it can be contacted, it

does offer on its website a Help Chat Box to contact the Ooki DAO, and it does maintain a

public forum dedicated to discussion of Ooki DAO governance issues.  The Commission thus

requests that the Court direct that the summons and complaint may be served in this action by

submitting those documents through the Help Chat Box, with contemporaneous notice in the

Ooki DAO Online Forum.  Such method is reasonably calculated to give actual notice to the

Ooki DAO because it is the method the Ooki DAO itself holds out to communicate with it.

Notably, as discussed above, to avoid potential service evasion, the Commission provided

a copy of the summons and complaint to the Ooki DAO via the above method on September 22,

2022.  While the Commission is not required to prove that actual notice occurred (just, rather,

that its method is reasonably calculated to provide actual notice), it does appear that the Ooki

DAO, and many of its members and platform users, are aware of the Commission's action.  As

described above, Ooki DAO community members—including a member listed as a "Community

admin"—discussed the action extensively in the Ooki DAO's Telegram channel.  There have

also been at least 112 views of the CFTC's post in the Online Forum regarding the action.  More

generally, the Commission notes the extensive public discussion of this action on Twitter and

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT OOKI DAO

1    elsewhere.[3]

2    **IV.     Conclusion**

3

4            Based on the foregoing, the Commission requests that the Court direct that service of

5    process on the Ooki DAO be made in this action by providing a copy of the summons and

6    complaint through the Ooki DAO's Help Chat Box, with contemporaneous notice by posting in

7    the Ooki DAO's Online Forum; and, since the Commission provided the documents in this

8    manner on September 22, 2022, that the Court hold that the Commission effectively served the

9    Ooki DAO on that date.

10   Dated:  September 27, 2022                    Respectfully submitted,

11                                                **COMMODITY FUTURES TRADING**
12                                                **COMMISSION**

13

14                                               By:  /s/ Anthony C. Biagioli
                                                  Tom Simek (DC Bar # 57268), tsimek@cftc.gov
15                                                TRIAL COUNSEL
                                                  Anthony C. Biagioli (MO Bar # 72434),
16                                                abiagioli@cftc.gov
                                                  Attorneys for Plaintiff
17                                                COMMODITY FUTURES TRADING
                                                  COMMISSION
18                                                2600 Grand Boulevard, Suite 210
                                                  Kansas City, MO  64108
19                                                (816) 960-7700

20

21

22

23

24   _____
     [3]      Because service in the manner proposed is reasonably calculated to provide notice, the Commission is not
25   moving at this time to serve the Ooki DAO via a separate California state alternative service provision—publication
     in a newspaper.  CAL. CIV. PRO. CODE § 415.50 (generally authorizing service by publication in a newspaper and,
26   where address known, mailing when other service methods failed and publication reasonably calculated to provide
     notice).  Courts in this circuit have authorized service via electronic communication pursuant to Section 413.30 prior
27   to service by publication pursuant to Section 415.50 where the former is reasonably calculated to give notice of the
     action.  *See, e.g., Steve McCurry Studios, LLC v. Web2Web Marketing, Inc.*, No. C 13–80246 WHA, 2014 WL
28   1877547, at*2-3 (N.D. Cal. May 9, 2014) (authorizing service by email under Section 413.30 and, only "if
     necessary" following such service, by publication pursuant to Section 415.50).

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT OOKI DAO

**<u>Certificate of Service</u>**

I hereby certify that on September 27, 2022, I caused a copy of the foregoing to be filed with the Clerk of the Court via the CM/ECF system as well as provided to the Defendant Ooki DAO through the Ooki DAO's Help Chat Box on the Ooki DAO website as well as by posting the foregoing to the Ooki DAO's Online Forum.

*/s/ Anthony C. Biagioli*
Counsel for Plaintiff

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT OOKI DAO