Thomas L. Simek (DC Bar #57268)
Anthony C. Biagioli (MO Bar # 72434)
Attorneys for Plaintiff
COMMODITY FUTURES TRADING COMMISSION
2600 Grand Boulevard, Suite 210
Kansas City, MO 64108
Telephone: (816) 960-7700
tsimek@cftc.gov
abiagioli@cftc.gov

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Ooki DAO (formerly d/b/a bZx DAO), an unincorporated association,<br><br>Defendant. | **DECLARATION OF BRITTNE SNYDER IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO SUPPLEMENT MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT OOKI DAO PURSUANT TO 28 U.S.C. § 1746** |

I, Brittne Snyder, declare pursuant to 28 U.S.C. § 1746 based upon my personal knowledge as follows:

1. I am over 21 years of age and am legally fit and qualified to testify in a court of law.

2. I am employed as a Paralegal by the Division of Enforcement ("Division") of the Commodity Futures Trading Commission ("Commission"), located at 2600 Grand Boulevard, Suite 210, Kansas City, Missouri 64108.

3. I have personal knowledge of the facts stated herein, and if called to testify, I could and would competently testify to the same.

4. On September 27, 2022, shortly after filing the Commission's Motion for Alternative Service Against Defendant Ooki DAO ("Motion for Alternative Service") (ECF No. 11), I discovered that, approximately contemporaneous with or shortly after the Commission filed the Motion for Alternative Service, a post appeared in the Ooki DAO's Online Forum (forum.ooki.com) titled "Future of Ooki DAO" and discussing the Commission's litigation against the Ooki DAO. *See* Exhibit A (web capture of the Online Forum post).

5. As of the filing of this declaration, the Ooki DAO has not responded to multiple requests made on September 22 and 23, 2022—made through submissions in the Ooki DAO's Help Chat Box on the Ooki DAO's website and through posts in the Online Forum—to contact the CFTC to discuss this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 27, 2022, at Kansas City, Missouri.

*/s/ Brittne Snyder*
Brittne Snyder

**<u>Exhibit A</u>**

# 🔒 Future of Ooki DAO

**notroman**                                                                                         **40m**

On September 22, 2022 the CFTC **published on their website** an announcement that a civil complaint was filed against Ooki DAO alleging Ooki DAO voting members violated provisions of the Commodities Exchange Act (CEA) in connection with developing a decentralized margin trading blockchain protocol and failing to utilize KYC for platform participation as required by CEA regulations.

This Ooki DAO forum post is geared towards beginning discussion among DAO community members as to the appropriate response to the CFTC complaint. Potential actions could include any of the following:

- Ooki DAO voting to approve allocating Ooki treasury funds to be spent to retain legal counsel to represent Ooki DAO members.
- Ooki DAO voting to approve allocation of Ooki treasury funds for the DAO to continue operating and any future contingency runway.
- Ooki DAO voting to approve submitting a legal defense fund grant request on Gitcoin for members of the broader blockchain and DeFi community to support the legal defense of Ooki DAO.
- Ooki DAO voting to approve releasing an NFT to support Ooki DAO legal defense.

Based on the theory articulated in the CFTC complaint, all DAO token holders could be found liable for any alleged wrongdoing based on DAO voting participation. As a result of this, the outcome of the Ooki DAO CFTC case could serve as precedent for other DAO's in the cryptocurrency space and have far reaching implications for the entire cryptocurrency space as it pertains to liability of DAO voting members.

Among DAO's offering DeFi services such as trading, margin and lending **Aave DAO**, **Compound DAO**, **Abracadabra DAO**, **Sushi DAO**, **Kyber DAO**, **Lido DAO**, **Uniswap DAO**, **Gitcoin DAO**, and **countless others** would all be impacted by this litigation as the CFTC alleges that all DAO voting members are individually liable for voting in DAO's.

Because of the impact the legal matter between Ooki DAO and the CFTC may have on the cryptocurrency industry, some have stated that it is important Ooki DAO receive donations to support legal defense and legal support from the cryptocurrency community. Insofar as all DAO's have a stake in the outcome, broad community support of Ooki DAO's legal defense is critical.

Following the announcement of the CFTC complaint, various **cryptocurrency** publications, **twitter commentators**, and legal blockchain associations have expressed concern with the CFTC's approach alleging "regulation by enforcement". Some **twitter commentators** speculated **Skip to main content** s] targeting smaller players with fewer resources to establish favorable precedents.

**Exhibit A**



**ross**
**@z0r0zzz**

Ok, so today the CFTC fined Ooki DAO and its members as an "unincorporated association" to tune of $250k —

This is a very broad theory of liability ("joint and several") and confirms what crypto lawyers have suspected —

**cftc.gov/PressRoom/Pres…**

Let's untangle things:   **https://t.co/zuGXoh2mmX**

**CFTC Imposes $250,000 Penalty Against bZeroX, LLC and Its Founders and Charges Successor Ooki DAO for Offering Illegal, Off-Exchange Digital-Asset Trading, Registration Violations, and Failing to Comply with Bank Secrecy Act**

CFTC Order Finds, and Complaint Alleges, Ooki DAO is Liable as an Unincorporated Association

September 22, 2022

Washington, D.C. — The Commodity Futures Trading Commission today issued an order simultaneously filing and settling charges against respondent **bZeroX, LLC** (bZeroX) and its founders **Tom Bean** (Bean) and **Kyle Kistner** (Kistner) (collectively, respondents) for illegally offering leveraged and margined retail commodity transactions in digital assets; engaging in activities only registered futures commission merchants (FCM) can perform; and failing to adopt a customer identification program as part of a Bank Secrecy Act compliance program, as required of FCMs.

The respondents engaged in these activities in connection with a decentralized blockchain-based software protocol that functioned similarly to a trading platform. The order requires the respondents to pay a $250,000 civil monetary penalty and to cease and desist from further violations of the Commodity Exchange Act (CEA) and CFTC regulations, as charged.

Simultaneously, the CFTC filed a federal civil enforcement action in the U.S. District Court for the Northern District of California charging the **Ooki DAO**—a decentralized autonomous organization and successor to bZeroX that operated the same software protocol as bZeroX—with violating the same laws as the respondents. The CFTC seeks restitution, disgorgement, civil monetary penalties, trading and registration bans, and injunctions against further violations of the CEA and CFTC regulations, as charged.

2:51 AM - 23 Sep 2022    ♥ 230   ⇄ 62



**6529**
**@punk6529**

1/ The CFTC bZX/OoKi enforcement action is interesting because of the last paragraph,
Skip to main content   C just looked through the DAO or "DAO" and said it is an

unincorporated association and the individuals are responsible.

[cftc.gov/PressRoom/Pres…](cftc.gov/PressRoom/Pres…) [https://t.co/iXRVdKpLMR](https://t.co/iXRVdKpLMR)

> As the order finds and as alleged in the complaint, on approximately August 23, 2021, bZeroX transferred control of the bZx Protocol to the bZx DAO, which subsequently renamed itself and is currently doing business as the Ooki DAO. The Ooki DAO operates the Ooki Protocol (formerly the bZx Protocol) in the exact same manner as bZeroX and thus is continuing to violate the law in the same manner as bZeroX. By transferring control to a DAO, bZeroX's founders touted to bZeroX community members the operations would be enforcement-proof—allowing the Ooki DAO to violate the CEA and CFTC regulations with impunity, as alleged in the federal court action. The order finds the DAO was an unincorporated association of which Bean and Kistner were actively participating members and liable for the Ooki DAO's violations of the CEA and CFTC regulations.

10:23 PM - 22 Sep 2022　♥ 430　↺ 150

---



**db**
**@tier10k**

"The Commission defines the Ooki DAO unincorporated association as those holders of Ooki tokens that have voted on governance proposals with respect to running the business"

If you are an Ooki token holder who voted on governance proposals you just got charged...
[twitter.com/tier10k/status…](twitter.com/tier10k/status…)

> **db** @tier10k
>
> [DB] CFTC Charges Ooki DAO for for "Offering Illegal, Off-Exchange Digital-Asset Trading, Registration Violations, and Failing to Comply with Bank Secrecy Act"

9:59 PM - 22 Sep 2022　♥ 480　↺ 130

---



**Hsaka**
**@HsakaTrades**

a16z probably offering their legal team to Ooki to fight this one.

No one is more incentivized than them to make sure this doesn't set some precedents.
[twitter.com/tier10k/status…](twitter.com/tier10k/status…)

> **db** @tier10k
>
> [Skip to main content](#) defines the Ooki DAO unincorporated association as those holders of Ooki tokens that have voted on governance proposals with respect to running the

**Exhibit A**

business" If you are an Ooki token holder who voted on governance proposals you just got charged... https://t.co/eqek0aD3wU

10:14 PM - 22 Sep 2022    ♥ 270    ↻ 15



**Rodrigo**
**@RSSH273**

1/ The CFTC's complaint against Ooki DAO was a mistake that reveals a lack of understanding of crypto and continues the unfortunate trend of regulation by enforcement without the necessary industry guidance or the availability of real options for compliance

12:27 AM - 24 Sep 2022    ♥ 170    ↻ 35



This concern was echoed in the CFTC's dissent. Among CFTC chair members, there are also dissenting viewpoints of optimal paths forward in relation to DAO token holder liability. Some insight into this were provided in the recent **dissenting statement** of Commissioner Summer K. Mersinger:

"We cannot arbitrarily decide who is accountable for those violations based on an unsupported legal theory amounting to regulation by enforcement while federal and state policy is developing… I cannot agree with the Commission's approach of determining liability for DAO token holders

Skip to main content    tion in governance voting…Although there are no allegations of any fraud having occurred here, we all are mindful of the need to protect customers who are participating in

the largely unregulated crypto space. But those good intentions do not entitle the Commission to act through enforcement without proper legal authority, notice, or public input."

There is still time to help shape the future of DeFi regulation. Let's come together and decide the next course of action.

**Exhibit A**