BROWN RUDNICK LLP
STEPHEN D. PALLEY (*pro hac vice forthcoming*)
601 Thirteenth Street NW Suite 600
Washington, D.C. 20005
Telephone: (202) 536-1766
Facsimile: (617) 289-0466
Email: spalley@brownrudnick.com

BROWN RUDNICK LLP
SAMUEL A. MONIZ (State Bar No. 313274)
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Email: smoniz@brownrudnick.com

ALEX GOLUBITSKY, PLLC
ALEX GOLUBITSKY (State Bar No. 289236)
3013 Libby Ter
Richmond, Virginia 23223
Telephone: (206) 271-7417
Facsimile: (866) 301-2038
Email: ag@agolubitsky.com

*Counsel for Amici Curiai,*
*LEXPUNK*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                  Plaintiff,<br><br>v.<br><br>OOKI DAO (formerly d/b/a bZx DAO), an unincorporated association,<br><br>              Defendant. | CASE NO. 3:22-cv-05416<br>[ASSIGNED FOR ALL PURPOSES TO THE HONORABLE WILLIAM H. ORRICK, CTRM. 2]<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE PROPOSED AMICUS CURIAE BRIEF OF LEXPUNK IN RESPONSE TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT OOKI DAO (ECF NO. 11)**<br><br>Date: November 9, 2022<br>Time: 2:00 pm<br>Place: Courtroom 2 |

1    **TO EACH PARTY AND ATTORNEYS OF RECORD IN THIS ACTION:**

2         **PLEASE TAKE NOTICE** that on November 9, 2022, at 9:00 a.m., or as soon thereafter as

3    counsel can be heard in Courtroom 2 of the United States District Court, Northern District of

4    California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California

5    94102, amici curiae LeXpunK ("LeXpunK" or "Amicus") will and hereby does move this Court for

6    leave to file an amicus brief in response to Plaintiff Commodity  Futures Trading Commission's

7    ("Plaintiff" or "CFTC") Motion for Alternative Service Against Defendant Ooki DAO.

8         Plaintiff has not consented to the filing.  Please note also that although counsel are

9    prepared to argue this matter on the date noticed above, Amici have no objection should the Court

10   choose to decide this matter on the papers.

11   DATED: October 3, 2022                    Respectfully submitted,
                                               BROWN RUDNICK LLP
12
13                                             ALEX GOLUBITSKY, PLLC

14                                             By: _____
                                               SAMUEL A. MONIZ (State Bar No. 313274)
15                                             2211 Michelson Drive, 7th Floor
                                               Irvine, CA 92612
16                                             Telephone: (949) 752-7100
                                               Facsimile: (949) 252-1514
17                                             Email: smoniz@brownrudnick.com

18
                                               STEPHEN D. PALLEY (*pro hac vice forthcoming*)
19                                             spalley@brownrudnick.com
                                               601 Thirteenth Street NW Suite 600
20                                             Washington, D.C. 20005
                                               Telephone: (202) 536-1766
21                                             Facsimile: (617) 289-0466

22                                             ALEX GOLUBITSKY (State Bar No. 289236)
23                                             3013 Libby Ter
                                               Richmond, Virginia 23223
24                                             Telephone: (206) 271-7417
                                               Facsimile: (866) 301-2038
25                                             Email: ag@agolubitsky.com

26
27                                             *Attorneys for Amicus Curiae, LeXpunK*

28

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

# <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION AND STATEMENT OF INTEREST ................................................. 2

II.     ARGUMENT ........................................................................................................... 3

        A.      Standard For Granting Amicus Status.................................................... 3

        B.      The Motion Should Be Granted Because Important Constitutional Rights Are At
                Issue And Should Not Be Adjudicated Without Countervailing Arguments.......... 4

        C.      Request For Date-Certain To File Proposed Brief Of Amicus Curiae................... 8

III.    CONCLUSION ...................................................................................................... 8

[PROPOSED] ORDER ........................................................................................... 10

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*California by & through Becerra v. United States Dep't of the Interior*,
    381 F. Supp. 3d 1153 (N.D. Cal. 2019) ................................................................. 3

*Doe v. Hyassat*,
    337 F.R.D. 12 (S.D.N.Y. 2020)............................................................................... 6

*Hoptowit v. Ray*,
    682 F.2d 1237 (9th Cir. 1982), *abrogated on other grounds by Sandin v.*
    *Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) ........................... 3

*Mennonite Bd. of Missions v. Adams*,
    462 U.S. 791, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983) ....................................... 4

*Merritt v. McKenney*,
    No. C 13-01391 JSW, 2013 U.S. Dist. LEXIS 122009 (N.D. Cal. Aug. 27,
    2013)....................................................................................................................... 7

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
    339 U.S. 306, 70 S. Ct. 652 (1950) ....................................................................... 4

*NGV Gaming, Ltd. v. Upstream Point Molate*,
    LLC, 355 F. Supp. 2d 1061 (N.D. Cal. 2005) ........................................................ 3

*Warehouse Rest., Inc. v. Customs House Rest., Inc.*,
    No. C 80 3054, 1982 U.S. Dist. LEXIS 17556 (N.D. Cal. Oct. 4, 1982) ............... 3

*Williams v. Doe*,
    No. 6:21-03074-CV-RK, 2021 WL 4975742 (W.D. Mo. Oct. 26, 2021) ................ 6

**California Cases**

*Searles v. Archangel*,
    60 Cal. App. 5th 43, 274 Cal. Rptr. 3d 170 (2021) ................................................ 6

**Other State Cases**

*Commodity Futures Trading Comm'n v. Bryant*,
    No. CV 21-00386 HG-KJM, 2022 WL 1746760, at *2 (D. Haw. May 31, 2022)............... 4, 6

*Cox v. Coinmarket OPCO, LLC*
    2021 WL 5908206 (Slip. Op.)................................................................................ 6

*Kirola v. City & Cnty. of S.F.,*
   No. C 07-03685 SBA, 2010 U.S. Dist. LEXIS 97634, at *5 (N.D. Cal. Sep. 2,
   2010) .................................................................................................................... 7

**Federal Statutes**

CEA ....................................................................................................................... 6

Commodity Exchange Act ..................................................................................... 3

**California Statutes**

Cal Civ. Code 413.30 ............................................................................................ 6

**Other Authorities**

Dissenting Opinion of Summer Mersinger,
   https://www.cftc.gov/PressRoom/SpeechesTestimony/mersingerstatement0922
   22 ........................................................................................................................ 5

Fed. R. Civ. P. 4 ................................................................................................ 4, 7

Fed. R. Civ. P. 4(f)(1) ........................................................................................... 6

Federal Rules Rule 4 ............................................................................................. 7

Local Rule 7-11 ................................................................................................. 7, 8

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

I.      <u>**INTRODUCTION AND STATEMENT OF INTEREST**</u>

LeXpunK seeks leave to appear as amicus curiae and file a brief in response to the Commodity Futures Trading Commission's ("Plaintiff" or "CFTC") Motion for Alternative Service Against Defendant Ooki DAO (ECF #11). LeXpunK is a community of lawyers and software developers dedicated to providing open-source legal resources and support for the DeFi[1] industry, providing a voice for groups that wish to associate through Decentralized Autonomous Organizations ("DAOs"), and advocating for these communities. LeXpunK operates through various working groups that specialize in (i) developing contracts, templates, and best practices for DAOs; (ii) responding to regulatory guidance, draft laws, and proposals for self-regulatory initiatives; (iii) developing DAO alternative dispute resolution processes; and (iv) producing general educational materials.

LeXpunK has an interest in this case and can provide the Court with important additional information and perspective with respect to the novel facts at issue here, in a case of first impression dealing with liability for participation in a so-called Decentralized Autonomous Organization or DAO. The CFTC seeks to hold people participating in a DAO personally liable without providing them with the ability to be heard and respond to the claims against them.  The CFTC argues that it should be permitted to hold people associated with Ooki DAO ("Defendant" or "Ooki") liable merely because such persons have voted in DAO matters, without personally serving them.  Amicus regularly advocates on matters relating to DAOs, and believes that the CFTC's position, if accepted, would have a chilling effect on important technological innovation and would be a drastic departure from important constitutional protections involving notice and service of lawsuits. The CFTC's arguments in favor of alternative service in its Motion (ECF #11) obscure the fact that the CFTC seeks judgments against unknown individual token holders, as voting members of Ooki, and that it has failed to take adequate steps to provide them constitutionally required notice. While "heroic efforts" may not be required, posting on a website with an uncertain relationship to Ooki members in general, without more, is not enough.

---

[1] "DeFi" is short for "Decentralized Finance".

1    The CFTC should be required to take additional steps to provide notice of this Complaint

2  to the person[s] it alleges have violated the Commodity Exchange Act ("CEA").  Service by

3  posting on a website, without any additional effort, falls far short of what the Constitution

4  requires.  LeXpunK seeks Amicus status and a short period of time in which to file an Amicus

5  Brief so that it can present context, facts and arguments regarding the CFTC's position and to

6  assist with the Court in protecting fundamental constitutional rights of unknown persons.

7  **II.**    **ARGUMENT**

8         A.    Standard For Granting Amicus Status

9         Granting LeXpunK amicus status is well within this Court's authority and, in the absence

10  of a response by others, will provide the Court with useful perspective and a countervailing view

11  of the novel legal issues presented by this case.   "The district court has broad discretion to permit

12  amicus briefs." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds*

13  *by Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). "There are no strict

14  prerequisites that must be established prior to qualifying for amicus status; an individual seeking

15  to appear as amicus must merely make a showing that his participation is useful or otherwise

16  desirable to the court." *California by & through Becerra v. United States Dep't of the Interior*, 381

17  F. Supp. 3d 1153, 1164 (N.D. Cal. 2019).

18         This Court "frequently welcome[s] amicus briefs from non-parties concerning legal issues

19  that have potential ramifications beyond the parties directly involved or if the amicus has unique

20  information or perspective that can help the court beyond the help that the lawyers for the parties

21  are able to provide."  *NGV Gaming, Ltd. v. Upstream Point Molate*, LLC, 355 F. Supp. 2d 1061,

22  1067 (N.D. Cal. 2005) (internal citations and quotation marks omitted).  "Amicus briefs are

23  especially appropriate where the arguments to be made by the amicus are not presented by any

24  party to the litigation."  *Warehouse Rest., Inc. v. Customs House Rest., Inc.*, No. C 80 3054, 1982

25  U.S. Dist. LEXIS 17556, at *3 (N.D. Cal. Oct. 4, 1982) (granting leave to appear where "argument

26  ha[d] not been urged by either side").  As set forth below, Amicus easily satisfies these standards.

27  / / /

28  / / /

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

1          B.        The Motion Should Be Granted Because Important Constitutional Rights Are At

2                    Issue And Should Not Be Adjudicated Without Countervailing Arguments

3          Service of process is a fundamental requirement for the fair adjudication of claims.  In the

4  absence of service, defendants do not have the ability to defend themselves, and face liability

5  without being heard.  There is nothing novel about this.  As the Supreme Court has explained:

6          The fundamental requisite of due process of law is the opportunity to be heard. This
           right to be heard has little reality or worth unless one is informed that the matter is
7          pending and can choose for himself whether to appear or default, acquiesce or
           contest.
8          …

9
           An elementary and fundamental requirement of due process in any proceeding which
10         is to be accorded finality is notice reasonably calculated, under all the circumstances,
           to apprise interested parties of the pendency of the action and afford them an
11         opportunity to present their objections. The notice must be of such nature as
           reasonably to convey the required information, and it must afford a reasonable time
12         for those interested to make their appearance.

13

14  *Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950), internal

15  citations and quotations omitted; *and see Commodity Futures Trading Comm'n v. Bryant,* No. CV

16  21-00386 HG-KJM, 2022 WL 1746760, at *2 (D. Haw. May 31, 2022) ("A federal court is

17  without personal jurisdiction over a Defendant unless the Defendant has been served in

18  accordance with Federal Rule of Civil Procedure.") (Denying CFTC Motion for entry of Default

19  where it had "failed to demonstrate that it has undertaken reasonably diligent efforts to locate the

20  Defendant and to comply with Fed. R. Civ. P. 4"); *and see* <u>*Mennonite Bd. of Missions v. Adams*</u>,

21  462 U.S. 791, 799, 103 S. Ct. 2706, 2711, 77 L. Ed. 2d 180 (1983) ("Neither notice by publication

22  and posting, nor mailed notice to the property owner, are means "such as one desirous of actually

23  informing the [mortgagee] might reasonably adopt to accomplish it.") (citing *Mullane*, *supra*).

24         The CFTC seeks to short circuit traditional service requirements and be allowed to serve

25  unknown people through a "chat box" on a website and an online forum. (*See*  ECF 11. p. 9).  The

26  CFTC claims that because Ooki is an unincorporated alleged entity without a physical address in

27  the State of California, or an agent for service of process, posting the Complaint in a chat box on a

28  website and on an on-line forum is an appropriate method for service of the organization.

According to the CFTC:

> Ooki DAO community members—including a member listed as a "Community admin"—discussed the action extensively in the Ooki DAO's Telegram channel. There have also been at least 112 views of the CFTC's post in the Online Forum regarding the action. More generally, the Commission notes the extensive public discussion of this action on Twitter and elsewhere.

(*See* ECF #11, p. 9-10).

Reading the CFTC's motion in the abstract, it would be easy to conclude that the CFTC simply cannot identify members of Ooki, and had no choice but to seek alternative service.  This is not so. As CFTC Commissioner Summer Mersinger explains in her dissent to the CFTC's Order sanctioning two Ooki participants:

> The Commission defines the Ooki DAO unincorporated association as those holders of Ooki tokens that have voted on governance proposals with respect to running the business.  Because [Tom] Bean and [Kyle] Kistner fall into that category, the settlement Order also finds them liable for violations of the CEA and CFTC rules by the Ooki DAO based solely on their status as members of the Ooki DAO unincorporated association—relying on a State-law doctrine that members of a for-profit unincorporated association are jointly and severally liable for the debts of that association.

Dissenting Opinion of Summer Mersinger.[2]

The CFTC does not explain why it was able to locate and enter into a settlement with two members of Ooki, but cannot locate and serve other members of the DAO, who it claims are liable for the acts of the DAO. At a minimum, this Court should inquire as to why the CFTC claims in its motion that Ooki is a "completely decentralized unincorporated association of anonymous individuals" when it has, in fact, identified at least two individuals and entered into settlements with them for actions of the DAO. ECF #11, p.8. In fact, it is difficult to square the affirmative allegations of paragraph 9 of the CFTC's Complaint, that Ooki DAO transacted business in this district, with the allegations in the CFTC's motion for alternative service, where it appears that the CFTC has no knowledge whatsoever of where Ooki DAO operates. See ECF #1.

---

[2] https://www.cftc.gov/PressRoom/SpeechesTestimony/mersingerstatement092222 (last visited, 10/1/2022).

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

This sleight of hand necessarily implicates the due process rights of the other heretofore unidentified voting DAO participants – whether in the United States or abroad – against whom the CFTC wishes to hold ultimately liable for alleged violations of the CEA.  Amicus's interest in this proceeding relates to its efforts to promote the rights of DAOs, and their members, operating in the United States and abroad.[3]  On the one hand, the CFTC wishes to treat DAOs as distinct corporate bodies, acting on their own accord. On the other hand, the CFTC wishes to assign unlimited personal liability to a discrete, but unidentified, set of members of the DAOs by virtue of such persons voting on DAO issues, which may or may not touch on the CEA.  The fact that doing so may be difficult does not excuse the government from trying, nor does Cal Civ. Code 413.30 allow for alternative service merely because procedures expressly identified are impractical. *Searles v. Archangel*, 60 Cal. App. 5th 43, 54, 274 Cal. Rptr. 3d 170, 178 (2021). The existence of the internet and social media does not change the requirements of the Federal Rules of Civil Procedure or the Constitution.  *See*, *e.g.*, *Doe v. Hyassat,* 337 F.R.D. 12, 16 (S.D.N.Y. 2020) (Setting aside default judgment following service by Facebook because "the absence of concrete evidence demonstrating regular use and the identity of the Facebook user – raises significant due process concerns.").

By its motion the CFTC ignores traditional notions of due process which mandate that every person be fairly notified of actions pursued against such persons in Court.  *See* <u>Commodity Futures Trading Comm'n v. Bryant</u>, *supra*, *passim*.  In doing so, the CFTC also apparently

/ / /

---

[3] Movant also notes that CFTC's motion fails to address whether some of the participants in the Oooki DAO live outside of the United States. If so, an order allowing alternative service could well be unenforceable and contrary to international treaties on service.  *See Cox v. Coinmarket OPCO, LLC* 2021 WL 5908206 (Slip. Op., 2021) (Refusing to allow service via social media because "w]ithout further proof of the country of residency for the individual Defendants… [t]he Court can only speculate as to whether service by Twitter is prohibited by international agreement as the country of residency cannot be identified."); *See, also,* <u>Fed. R. Civ. P. 4(f)(1)</u>; *and see Williams v. Doe*, No. 6:21-03074-CV-RK, 2021 WL 4975742, at *3 (W.D. Mo. Oct. 26, 2021) (refusing to allow service via WhatsApp or email on resident of London, England where there was insufficient evident that this method was adequate to provide notice to defendant, even though Plaintiff had communicated with the defendant using those methods).

1   purports to satisfy notice requirements not just in the United States, but internationally, without

2   regard to the rules regarding international service or related treaty obligations.[4]

3          This Court has explained the standard for allowing an amicus brief as follows:

4          A court normally should allow the submission of an amicus brief when a party is not
           represented competently or is not represented at all or when the amicus has unique
5          information or perspective that can help the court beyond the help that the lawyers
           for the parties are able to provide.
6

7   *Merritt v. McKenney*, No. C 13-01391 JSW, 2013 U.S. Dist. LEXIS 122009, at *9 (N.D. Cal.

8   Aug. 27, 2013).

9          Here, the first prong of the test is clearly satisfied: neither Ooki nor its participants have

10  appeared in this matter and are therefore unrepresented. Amicus has unique information about the

11  operation of DAOs and a perspective contrary to that of the CFTC.  For example, a Motion for

12  Alternative Service was filed by the CFTC in this matter on September 27, 2022, with responses

13  purportedly due on October 3, 2022.  In its Motion, the CFTC improperly relied on Local Rule 7-

14  11, which governs "Motions for Administrative Relief", which includes "miscellaneous

15  administrative matters, **not otherwise governed by a federal statute, Federal Rule**, local rule, or

16  standing order of the assigned Judge. These motions would include matters such as motions to

17  exceed otherwise applicable page limitations or motions to file documents under seal, for

18  example." (emphasis added).

19         A Motion for Alternative Service falls within the scope of Rule 4 of the Federal Rules and,

20  as a consequence, is not appropriate for expedited resolution under L-R 7-11. This Court has held

21  that L-R 7-11 should only be used for objectives that are truly administrative in nature and do not

22  relate to "core issue[s] in [a] case." *Kirola v. City & Cnty. of S.F.*, No. C 07-03685 SBA, 2010

23  U.S. Dist. LEXIS 97634, at *5 (N.D. Cal. Sep. 2, 2010). The correct method of service of process

24  on a DAO under FRCP 4 is not an "administrative" matter by any stretch.

25         Furthermore, Rule 7-11 specifies a 5 page limit, which CFTC has exceeded.  This attempt

26  to expedite a decision on fundamental constitutional rights by misusing a rule for administrative

27  _____

28  [4] *See*, fn 1, *supra*.

filings is consistent with CFTC's attempt to serve people – potentially across the globe – by posting a lawsuit on a website.

        C.      <u>Request For Date-Certain To File Proposed Brief Of Amicus Curiae</u>

Even if Local Rule 7-11 did apply (it does not), Amicus respectfully suggests that six days is not sufficient for Amicus to prepare a brief on matters which represent an issue of first impression on this Court, to wit, the appropriate method of service on a so-called "DAO". Therefore, Amicus respectfully requests that this Court grant it leave to file a proposed amicus brief on or before October 17, 2022 so that this Court may determine if the Amicus will "provide the Court with any unique information or a unique perspective on the issues raised in this case." *Id.*

## III.   <u>CONCLUSION</u>

LeXpunK satisfies this Court's traditional guidelines for granting amicus status. LeXpunK's deep expertise in the intersection of DAOs and the law will offer a unique perspective beyond that which the CFTC is able to provide. Indeed, the arguments LeXpunK will offer are not being made by any other party (because Ooki DAO is not constitutionally before this Court). And the legal issue (service on a DAO) has potential ramifications beyond the parties directly involved, as it concerns application of the rules governing service of process on a form of association with heretofore unseen characteristics.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

1    For the foregoing reasons, the Amicus respectfully requests that this Court enter an order

2  allowing Amicus until October 17, 2022 to file its proposed brief, to defer ruling on CFTC's

3  Motion for Alternative Service until the brief has been filed, and, after such brief is filed, rule on

4  whether Amicus shall be allowed to so appear.  A proposed order is attached.

5  DATED: October 3, 2022                Respectfully submitted,

6                                        BROWN RUDNICK LLP

7                                        ALEX GOLUBITSKY, PLLC

8

9                                 By: _____

10                                       SAMUEL A. MONIZ (State Bar No. 313274)
                                         2211 Michelson Drive, 7th Floor
11                                       Irvine, CA 92612
                                         Telephone: (949) 752-7100
12                                       Facsimile: (949) 252-1514
                                         Email: smoniz@brownrudnick.com
13
                                         STEPHEN D. PALLEY (*pro hac vice forthcoming*)
14                                       spalley@brownrudnick.com
                                         601 Thirteenth Street NW Suite 600
15                                       Washington, D.C. 20005
                                         Telephone: (202) 536-1766
16                                       Facsimile: (617) 289-0466
17
                                         ALEX GOLUBITSKY (State Bar No. 289236)
18                                       3013 Libby Ter
                                         Richmond, Virginia 23223
19                                       Telephone: (206) 271-7417
                                         Facsimile: (866) 301-2038
20                                       Email: ag@agolubitsky.com
21
                                         *Attorneys for Amicus Curiae, LeXpunK*
22

23

24

25

26

27

28

## [PROPOSED] ORDER

The Court having read and considered the Motion of "LeXpunK" for Leave to File Amicus Curiae Brief (the "Motion"), and good causing appearing, the Court GRANTS the Motion. LeXpunK shall have up to and including October 17, 2022 to file an Amicus Brief in this cause. The Court will defer ruling on Plaintiff CFTC's Motion for Alternative Service [ECF No. 11] until Amicus' brief has been filed.]

**SO ORDERED.**

By: _____  Dated: _____

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA

3   COUNTY OF ORANGE

4       At the time of service, I am employed in the County of Orange, State of
5   California.  I am over the age of eighteen years and not a party to the within action;
    my business address is 2211 Michelson Drive, Seventh Floor, Irvine, CA 92612.

6       On October 3, 2022, I served true copies of the following document(s)
7   described as **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
    PROPOSED AMICUS CURIAE BRIEF OF LEXPUNK IN RESPONSE TO
    PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST
8   DEFENDANT OOKI DAO (ECF NO. 11)** on the interested parties in this action
9   as follows:

10  Thomas L Simek                          Attorneys for Commodity Futures
    U.S. Commodity Futures Trading          Trading Commission
11  Commission
    Division of Enforcement
12  2600 Grand Boulevard
    Suite 210
13  Kansas City, MO 64108
    816-960-7760
14  Email: tsimek@cftc.gov

15  Anthony C. Biagioli                     Attorneys for Commodity Futures
    U.S. Commodity Futures Trading          Trading Commission
16  Commission
    2600 Grand Boulevard
17  Suite 210
    Kansas City, MO 64108
18  816-960-7722
    Email: abiagioli@cftc.gov
19

20      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed
    the document(s) with the Clerk of the Court by using the CM/ECF system.
21  Participants in the case who are registered CM/ECF users will be served by the
    CM/ECF system.  Participants in the case who are not registered CM/ECF users will
22  be served by mail or by other means permitted by the court rules.

23      I declare under penalty of perjury under the laws of the United States that the
    foregoing is true and correct.
24

25      Executed on October 3, 2022, at Orange, California.

26

27  _____
    JESSICA W. PELS

28