| | |
|---|---|
| 1 | Douglas K. Yatter (Bar No. 236089) |
| | douglas.yatter@lw.com |
| 2 | Benjamin Naftalis (*pro hac vice pending*) |
| | benjamin.naftalis@lw.com |
| 3 | Samir Deger-Sen (*pro hac vice pending*) |
| | samir.deger-sen@lw.com |
| 4 | LATHAM & WATKINS LLP |
| | 1271 Avenue of the Americas |
| 5 | New York, NY 10020 |
| | +1.212.906.1200 |

Matthew Rawlinson (Bar No. 231890)
 matt.rawlinson@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
+1.650.463.3076

*Counsel for* Amicus Curiae
Andreessen Horowitz

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>*Plaintiff,*<br><br>v.<br><br>OOKI DAO (formerly d/b/a bZx DAO), an unincorporated association,<br><br>*Defendant.* | Case No. 3:22-cv-5416-WHO<br><br>**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF ANDREESSEN HOROWITZ AND FOR LEAVE TO PARTICIPATE IN UPCOMING HEARING**<br><br>Judge:   Hon. William H. Orrick |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Andreessen Horowitz (known as "a16z"), through its undersigned counsel, moves this Court for leave to file a brief as *amicus curiae* in this litigation and to participate in the upcoming hearing scheduled for November 30, 2022. This motion is supported by the accompanying proposed order granting the motion, a declaration, and the *amicus* brief, attached as Exhibit A. As stated in the declaration filed with this motion, Plaintiff Commodity Futures Trading Commission consents to the filing of a16z's *amicus* brief, conditioned on Plaintiff receiving additional time to submit its opposition. a16z does not oppose the Commission receiving additional time to submit its opposition.

## INTEREST OF *AMICUS CURIAE*

a16z is a Silicon Valley-based venture capital firm founded in 2009, with one of the largest dedicated funds for investing in crypto and web3 startups. As set forth more fully in the accompanying brief, a16z is an active investor and thought leader in the web3 space, supporting responsible development of the industry through its research organization, engineering, and security teams, legal and regulatory teams, go-to-market expertise, recruiting services, and educational content. Decentralized Autonomous Organizations ("DAOs") are a critical component of the evolving web3 ecosystem, on which a16z team members have written leading commentary.[1]

The other *amici* in this case have set forth important arguments addressing the Commission's motion for alternative service. a16z submits this *amicus* brief to address significant additional issues not yet raised by the other *amici* or addressed by the Commission. As the attached *amicus* brief explains, a16z respectfully submits that the Court should reconsider its order granting the Commission's motion for alternative service because the Complaint fails to allege a lawful purpose of the Ooki DAO or identify any members who can receive process on behalf of the alleged association, which are prerequisites for service of process on an unincorporated association under California law.

---

[1] *See, e.g.*, Miles Jennings & David Kerr, *A Legal Framework for Decentralized Autonomous Organizations* (Oct. 26, 2021), https://a16zcrypto.com/wp-content/uploads/2022/06/dao-legal-framework-part-1.pdf; *see also* Dkt. 22, DEF Br. 4 n.2 (citing same).

a16z brings a unique contribution and focus to this case. Its team includes engineers, investors, and former regulators with deep expertise in the rapid development of decentralized governance models, who have spent a considerable amount of time researching and analyzing the distinctive characteristics, uses, and benefits of the DAO structure. a16z believes that its perspective on the instant issues regarding service, as well as broader issues that may arise over the course of this litigation, will aid in ensuring that the Court is fully apprised of the complexities and implications of this case.

## ARGUMENT

"[W]hether to allow Amici to file a brief is solely within the [c]ourt's discretion, and generally courts have 'exercised great liberality' in permitting amicus briefs." *California v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quoting *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. 06-cv-1254, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007)) (alteration in original). To appear as an amicus, all an individual must do is demonstrate "that his participation is useful or otherwise desirable to the court." *See id.* Notably, "[d]istrict courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *Levin Richmond Terminal Corp. v. City of Richmond*, 482 F. Supp. 3d 944, 951, n.1 (N.D. Cal. 2020) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).

a16z's proposed *amicus* brief satisfies these criteria. As discussed in the brief, the Court's decision on the Commission's motion for alternative service will have far-reaching implications not just for token-holding voting members of the Ooki DAO, but potentially for members of all DAOs. Moreover, as the other *amici* have pointed out, Dkt. 16, LeXpunK Br. 7; Dkt. 22, DEF Br. 2, no one has stepped forward on behalf of the Ooki DAO to respond to the Commission's motion for alternative service, which makes the participation of *amici* important for ensuring that the Court is presented with all considerations pertinent to the motion. By virtue of a16z's experience with the burgeoning DAO ecosystem, it possesses a unique perspective that it believes and hopes will assist the Court in resolving the Commission's motion and reconsideration thereof.

1    The arguments set forth in a16z's proposed *amicus* brief – namely, that the request for alternative service is inconsistent with specific requirements of California law for serving an unincorporated association – have not been addressed by the Commission or raised by other *amici*. a16z's brief addresses the applicable legal framework for serving an unincorporated association and explains how the present motion for alternative service would circumvent those requirements, threaten the underpinnings of lawful decentralized governance structures, and risk setting this case on a path to improper relief and an unenforceable judgment.

## **CONCLUSION**

For the foregoing reasons, a16z respectfully requests that the Court grant leave to file the *amicus curiae* brief attached as Exhibit A and to participate in the hearing scheduled for November 30, 2022.

Dated: October 31, 2022

                                    Respectfully submitted,

                                    */s/ Douglas K. Yatter*

Matthew Rawlinson (Bar No. 231890)     Douglas K. Yatter (Bar No. 236089)
LATHAM & WATKINS LLP                   Benjamin Naftalis (*pro hac vice pending*)
140 Scott Drive                        Samir Deger-Sen (*pro hac vice pending*)
Menlo Park, CA 94025                   LATHAM & WATKINS LLP
Telephone: +1.650.463.3076             1271 Avenue of the Americas
Email: matt.rawlinson@lw.com           New York, NY 10020
                                       Telephone: +1.212.906.1200
                                       Email: douglas.yatter@lw.com
                                              benjamin.naftalis@lw.com
                                              samir.deger-sen@lw.com

            *Counsel for* Amicus Curiae *Andreessen Horowitz*