BROWN RUDNICK LLP
STEPHEN D. PALLEY (*pro hac vice*)
601 Thirteenth Street NW Suite 600
Washington, D.C. 20005
Telephone: (202) 536-1766
Facsimile: (617) 289-0466
Email: spalley@brownrudnick.com

BROWN RUDNICK LLP
SAMUEL A. MONIZ (State Bar No. 313274)
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Email: smoniz@brownrudnick.com

ALEX GOLUBITSKY, PLLC
ALEX GOLUBITSKY (State Bar No. 289236)
3013 Libby Ter
Richmond, Virginia 23223
Telephone: (206) 271-7417
Facsimile: (866) 301-2038
Email: ag@agolubitsky.com

*Counsel for Amici Curiai,*
*LEXPUNK*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | CASE NO. 3:22-cv-05416-WHO |
| Plaintiff, | HON. WILLIAM H. ORRICK |
| v. | **REPLY BRIEF OF AMICUS CURIAE LEXPUNK IN OPPOSITION TO COMMODITY FUTURES TRADING COMMISSION'S CONSOLIDATED OPPOSITION TO AMICUS CURIAE MOTIONS FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE** |
| OOKI DAO (formerly d/b/a bZx DAO), an unincorporated association, | |
| Defendant. | |
| | Date:   December 7, 2022 |
| | Time:  2:00 pm |
| | Place: Courtroom 2 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 2

ARGUMENT ......................................................................................................................... 2

I.     INTRODUCTION ......................................................................................................... 2

II.    THE CFTC OFFERS NO FACTS WHICH SUPPORT A FINDING THAT OOKI DAO IS AN UNINCORPORATED ASSOCIATION ................................................................ 3

III.   SERVING A COMPLAINT ON A PASSIVE WEBSITE DOES NOT COMPORT WITH THE DUE PROCESS REQUIREMENTS OF THE UNITED STATES CONSTITUTION ........................................................................................................... 7

IV.   THE CFTC HAS NOT DEMONSTRATED THAT THE OOKI DAO RECEIVED ACTUAL NOTICE ..................................................................................................... 9

CONCLUSION ..................................................................................................................... 10

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Bank of N.Y. Mellon v. Loyo-Morales*,
5
   No. 21-16041, 2022 U.S. App. LEXIS 13893 (9th Cir. May 23, 2022) ...................................3

6
*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) ...................................................................................................3
7

8
*Emp. Painter's Tr. v. Cascade Coating*s,
   No. C12-0101JLR, 2013 U.S. Dist. LEXIS 197621 (W.D. Wash. Sep. 27, 2013) ..................6

9
*Heinold Hog Mkt., Inc. v. McCoy*,
10
   700 F.2d 611 (10th Cir. 1983) .................................................................................................6

11
*iHealth Labs, Inc. v. Fingix, i-Enter.*,
   No. 20-CV-05699-VKD, 2020 WL 7260600 (N.D. Cal. Dec. 10, 2020) ................................8
12

13
*Jackson v. Hayakawa*,
   682 F.2d 1344 (9th Cir. 1982) .................................................................................................9

14
*McCulley v. City of Tucson*,
15
   No. CV 08-07-TUC-DCB (JM), 2010 U.S. Dist. LEXIS 149981 (D. Ariz. Mar.
   29, 2010).................................................................................................................................6

16
*Mullane v. Cent. Hanover Bank & Tr. Co.*,
17
   339 U.S. 306, 70 S. Ct. 652 (1950) .........................................................................................7

18
*Omni Capital Int'l v. Rudolf Wolff & Co.*,
   484 U.S. 97, 108 S. Ct. 404 (1987) .........................................................................................8
19

20
*Reddick v. Troung*,
   No. CV 07-6586-RGK(RC), 2008 U.S. Dist. LEXIS 112949 (C.D. Cal. Apr. 15,
21
   2008).....................................................................................................................................3, 4

22
*Rio Props. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .................................................................................................9
23

24
*Satanic Temple, Inc. v. City of Scottsdale*,
   423 F. Supp. 3d 766 (D. Ariz. 2019) .......................................................................................6

25
*Seattle Affiliate of October 22nd Coalition to Stop Police Brutality, Repression and*
26
   *the Criminalization of a Generation v. City of Seattle*,
   No. C04 0860L, 2005 WL 3418415 (W.D. Wash. Dec. 12, 2005)..........................................6

27
*So. Cal. Darts Ass'n v. Zaffina*,
28
   762 F.3d 921 (9th Cir. 2014).................................................................................................5

ii

*The Koala v. Khosla*,
 No. 17-55380, 2020 U.S. App. LEXIS 4818 (9th Cir. Feb. 14, 2020) .................................... 5

*TI, Ltd. v. Chavez*,
 No. 3:19-cv-01830-WQH-KSC, 2020 U.S. Dist. LEXIS 107044 (S.D. Cal. June
 18, 2020)...................................................................................................................... 9

*TV Ears, Inc. v. Joyshiya Dev. Ltd.*,
 No. 3:20-cv-01708-WQH-BGS, 2021 U.S. Dist. LEXIS 10071 (S.D. Cal. Jan.
 19, 2021)...................................................................................................................... 9

*Urenda-Bustos v. Williams*,
 822 F. App'x 577 (9th Cir. 2020) ...................................................................... 9

**Federal Statutes**

Commodity Exchange Act .................................................................................... 4, 10

**Other Authorities**

17 C.F.R. § 42.2 (2021)........................................................................................... 4

Federal Rule of Civil Procedure 17.................................................................... 5, 6

Federal Rule of Civil Procedure 4............................................................ 3, 7, 9, 10

Federal Rule of Civil Procedure 12........................................................................ 3

**INTRODUCTION**

LeXpunK ("Amicus") files this brief in reply (the Amicus' "Reply") to the Commodity Futures Trading Commission's ("CFTC") Consolidated Opposition to Amicus Curiae Motions for Reconsideration of Order Granting Plaintiff's Motion for Alternative Service (the "Opposition").

**ARGUMENT**

**I.    INTRODUCTION**

The CFTC seeks to create novel precedent applicable to users of software protocols (Decentralized Autonomous Associations, or "DAOs") by posting a lawsuit on a website and claiming this satisfies due process requirements underlying federal service of process rules.  It does so using the fiction that people who interact with the software – none of whom are named in this lawsuit – are members of a putative unincorporated association.

At the same time, the CFTC argues that it doesn't need to serve individual people who are part of this putative association <u>or</u> provide proof that an individual associated with this association received actual notice of it. Incredibly, this lawsuit falls on the heels of an administrative proceeding in which the creators of the very software protocol at issue here were themselves charged and thereafter settled with the CFTC. And buried in a footnote we find the CFTC's ultimate intention – to seek injunctive relief "against the DAO", apply it to unnamed and unserved DAO users, and to make new law in an undefended case resolved through an injunction in a default judgment.  (*See* Opposition, p. 15, fn. 12) (acknowledging potential applicability of injunctive relief to "individual Ooki DAO members").

The CFTC's Motion for Alternative Service should be denied, for the reasons set forth in LeXpunK's Amicus Brief, and below. The CFTC did not follow applicable law regarding service of process. The CFTC did not provide actual notice of the lawsuit to Ooki DAO participants. Using this flawed method of service and seeking a default judgment, arguments now dismissed by the CFTC as "unripe" will (1) never be addressed by the Court but (2) will still be used by the CFTC to, at the very least, impose injunctive relief against unserved and unrepresented DAO token holders.  As set forth in Amicus' opening brief, this is a transparent attempt to circumvent the Administrative Procedure Act's ("APA") rulemaking process and create law by enforcement,

2

1  without a notice and comment period.  If the CFTC wants to restrict the behavior of DAO users

2  the path for it do so is *via* the APA, not this lawsuit.

3  **II.  THE CFTC OFFERS NO FACTS WHICH SUPPORT A FINDING THAT OOKI**

4  **DAO IS AN UNINCORPORATED ASSOCIATION**

5       The CFTC asks the Court to determine that a DAO is an unincorporated association.  To

6  reach this conclusion the CFTC relies on the Complaint's bare allegations, saying only three

7  things need to be shown to support this novel claim:

8          (1) "it is a voluntary group of persons … [who] voluntarily vote their Ooki Tokens";

9          (2) "no Ooki Dao corporate charter exists"; and

10          (3) "the group was formed by mutual consent for the purposes of promoting a common

11             objective."

12  (ECF #53 at 22.). The CFTC's argument has many flaws.

13       First, the CFTC relies solely on the unproven allegations in its Complaint. While that

14  might be appropriate in the context of a motion to dismiss under Rule 12 of the FRCP – where a

15  defendant is before the Court – that standard does not apply here.  Indeed, "[o]nce service is

16  challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."

17  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Evidence must be offered:  an attestation

18  of how service was accomplished is insufficient to satisfy this burden – rather the plaintiff must

19  establish prima facie evidence of actual service.  *Bank of N.Y. Mellon v. Loyo-Morales*, No. 21-

20  16041, 2022 U.S. App. LEXIS 13893, at *3 (9th Cir. May 23, 2022).  A plaintiff must present

21  "competent evidence demonstrating he properly served the defendants."  *Reddick v. Troung*, No.

22  CV 07-6586-RGK(RC), 2008 U.S. Dist. LEXIS 112949, at *12 (C.D. Cal. Apr. 15, 2008).  The

23  CFTC bears the burden of providing this evidence; unsupported allegations aren't enough.  And

24  the factual record is bereft of support for the proposition that Ooki DAO *is* an unincorporated

25  association.

26       In fact, the record actually contradicts the CFTC's position. We know that Messrs. Bean

27  and Kistner operated bZeroX, LLC as a corporate entity (presumably with a charter or its

28  functional equivalent).  (*See*, *e.g.*, Opposition, p. 4).  There is no "Ooki DAO" that exists as a

corporate entity – this entire project and protocol were formed by Bean[1] and Kistner, with whom the CFTC has already charged and entered into a settlement.  The CFTC alleges that Bean and Kistner's company "bZero, LLC transferred control of the bZx Protocol to the newly formed bZx DAO DAO[.]"  (Opposition, p. 6.).  The CFTC makes much of this purported transfer but no other evidence to support this claim is presented – we don't know how the transfer took place, much less whether it was effective.  Indeed, using this logic, any corporation with regulatory problems could designate a third party as the recipient of its property and avoid future regulatory risk.

By claiming on their own that they were devolving ownership and control of the DAO to a broader community of people, Bean and Kistner did not magically hand liability off to unknown third parties.  Consider the logic underlying the following CFTC argument: "(1) the Ooki DAO has not specified Bean, Kistner, or any other individual as an officer or individual authorized to accept service on behalf of the Ooki DAO itself, and (2) the Ooki DAO has no physical office location."  *Id.*  But Bean and Kistner themselves purported to create this DAO as a successor to their own corporate entity.  The CFTC has formally charged and settled with Bean and Kistner for this conduct. According to the Order Instituting Proceedings and Imposing Remedial Sanctions against them, Bean and Kistner violated the Commodity Exchange Act from April 23, 2021 until the date of the Order, September 22, 2022 (the same date this lawsuit was filed).[2]  In short, the CFTC has already charged people who ran a corporate entity that created the Ooki protocol with violating the law.  The CFTC's attempt to continue this action by purporting to serve users of the

---

[1]  LeXpunK refers to Mr. Bean and Mr. Kistner by their last names only, throughout the remainder of this brief, for stylistic simplicity.  No disrespect is intended.

[2]  *See* Order Instituting Proceedings Pursuant to Section 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, p. 1 ("The Commodity Futures Trading Commission ("Commission") has reason to believe that, from at least approximately June 1, 2019 to approximately August 23, 2021 (the "bZx Relevant Period"), bZeroX, LLC ("bZeroX"); Tom Bean ("Bean"); and Kyle Kistner ("Kistner") (collectively, "Respondents") violated Sections 4(a) and 4d(a)(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6(a), 6d(a)(1), and Commission Regulation ("Regulation") 42.2, 17 C.F.R. § 42.2 (2021); and that, from approximately August 23, 2021 to the present (the "DAO Relevant Period," and together with the bZx Relevant Period, the "Relevant Period"), Bean and Kistner violated Sections 4(a) and 4d(a)(1) of the Act and Regulation 42.2.")

REPLY BRIEF OF LEXPUNK

1  software protocol created by a corporate entity and persons who have already been charged runs

2  contrary to fundamental corporate law and principles of successor liability.  This case is an

3  overreach by a governmental agency that has already completed an enforcement action and now

4  seeks a second bite at the apple, without opposition or defense.

5       Second, the CFTC relies upon a razor thin metaphysical distinction between the Ooki

6  DAO and Ooki Protocol.  *Id.* at 8.  According to the CFTC, the Ooki Protocol is software (*Id.,*

7  p. 5-6. ).  In contrast, (per the CFTC) the Ooki DAO is "a group of users of the Ooki Protocol who

8  (a) chose not to incorporate, and (b) both held and actually voted governance tokens to participate

9  in the business of running the Ooki Protocol pursuant to specific, publicized governance

10 protocols."  *Id*. at 7.  The CFTC claims that it "is not a novel proposition" that individuals who use

11 the same software can be deemed members of an unincorporated association by virtue of that

12 software use.  *Id.* at 18.  Not only is this a novel proposition, it is unprecedented.  It would likely

13 surprise Microsoft Word users to learn that editing the same document as another person is enough

14 to form an unincorporated association.

15      The CFTC argues that Ooki DAO's status as an unincorporated association should be

16 decided in a motion to dismiss or similar dispositive motion.  *Id.* at 3.  This is a bold gambit.  On

17 the one hand, the CFTC wants to satisfy constitutional service requirements by relying on the

18 unsupported assertions of its Complaint, to wit, that the Ooki DAO is an unincorporated

19 association which can be served by posting a lawsuit on a website.  On the other hand, if this

20 method of service is deemed proper no one will appear to respond to the CFTC's allegations, and

21 CFTC's factual allegations will be determined in a judgment by default, which is exactly what the

22 CFTC wants.

23      Third, the CFTC is wrong on the law.  It relies on FRCP 17(b)(3)(A) for the proposition

24 that alleging that an unincorporated association exists is sufficient, without more, for service

25 purposes.  *Id.* at 22.  The cases cited by the CFTC do not support its position.  *See generally,*

26 *The Koala v. Khosla*, No. 17-55380, 2020 U.S. App. LEXIS 4818, at *6 (9th Cir. Feb. 14, 2020).

27 FRCP 17(b)(3)(A) can be applied to both plaintiffs and defendants, but in *So. Cal. Darts Ass'n v.*

28 *Zaffina*, 762 F.3d 921, 927 (9th Cir. 2014), the plaintiff alleged that <u>it</u> was an unincorporated

association. In *Heinold Hog Mkt., Inc. v. McCoy*, 700 F.2d 611, 612 (10th Cir. 1983) "[a]ll parties admit[ted] that the NCBA is an unincorporated association." *Seattle Affiliate of October 22nd Coalition to Stop Police Brutality, Repression and the Criminalization of a Generation v. City of Seattle*, No. C04 0860L, 2005 WL 3418415, at *2 (W.D. Wash. Dec. 12, 2005), dealt with an unincorporated association which alleged that it exists, and demonstrated its existence in a motion for summary judgment. Finally, in *Satanic Temple, Inc. v. City of Scottsdale*, 423 F. Supp. 3d 766, 773 (D. Ariz. 2019), the unincorporated association at issue is the plaintiff, who alleges its own existence.

Without more, "[p]laintiffs cannot rely on Rule 17(b)(3)(A) to establish a jurisdictional basis for including" a defendant in a lawsuit. *Emp. Painter's Tr. v. Cascade Coating*s, No. C12-0101JLR, 2013 U.S. Dist. LEXIS 197621, at *7-8 (W.D. Wash. Sep. 27, 2013). The CFTC further argues that FRCP 17(b)(3)(A)[3] requires this Court to ignore California law regarding unincorporated associations (See ECF #53, n. 17). Confusingly, the CFTC also argues that Federal Law – its own enabling statutes – do not apply to this determination either. (See ECF #53, n, 27.) Regardless of which law applies, this Court should require the CFTC offer more than the mere allegations of its Complaint to prove that the Ooki DAO actually exists as an entity which can be served.

The CFTC's position is unprecedented. The CFTC cannot (1) will a defendant into existence by alleging that it exists as unincorporated association, (2) serve that defendant by posting a document on a passive website (<u>without any evidence that the operator of that website is a 'member' of (voted tokens in) the Ooki DAO</u>), and then (3) proceed to a default judgment against the fictitious defendant and use that judgment to seek injunctive relief applicable to others. A group of people standing in line at a Starbucks to purchase pumpkin latte Frappuccinos using

---

[3] This interpretation of FRCP 17(b)(3)(A) is not universally accepted. "A party that is not an individual or a corporation may only be sued if the law of the state where the court is located allows that party to be sued. Federal Rule of Civil Procedure 17(b)(3) provides a party that is neither an individual nor a corporation may only be sued if the law of the state where the court is located allows the party to be sued." *McCulley v. City of Tucson*, No. CV 08-07-TUC-DCB (JM), 2010 U.S. Dist. LEXIS 149981, at *9 (D. Ariz. Mar. 29, 2010).

software-based reward points satisfies, at a minimum, the first two prongs of the CFTC's stated approach.

### III.   SERVING A COMPLAINT ON A PASSIVE WEBSITE DOES NOT COMPORT WITH THE DUE PROCESS REQUIREMENTS OF THE UNITED STATES CONSTITUTION

The CFTC argues in a footnote that "this is not the time or place to express that disagreement" regarding individual liability for DAO activities.  But if not now, when?  Without service on persons, the likelihood of a defense by persons is slim to none.  This is likely why the CFTC incorrectly treats service of its Complaint as a ministerial formality to be dispensed with in the fastest possible manner, to avoid taking on arguments it will then never have to address.  As set forth in LeXpunK's Motion to for Leave to File an Amicus Brief (ECF #16), and not refuted by the CFTC, the United States Supreme Court has explained that service of process in a manner calculated to give rise to actual notice of the Complaint is a fundamental due process right under the United States Constitution. *Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950).  As the Supreme Court explained, there is "no doubt that at a minimum [the Due Process Clause] require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.*

FRCP 4(h) sets forth service requirements for an unincorporated association.  The CFTC can follow the California law for individual service or it can serve "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  As described above, the CFTC knows the identity of two individuals who controlled the alleged predecessor entity to Ooki DAO, Bean and Kistner.  ECF 53, p. 12.  However, the CFTC alleges that "the Ooki DAO has not specified Bean, Kistner, or any other individual as an officer or individual authorized to accept service on behalf of the Ooki DAO itself." *Id.*  As a threshold matter, all FRCP 4(h) requires is that such person served be a general agent, it does not require a formal appointment as such.  And, as set forth above, Bean and Kistner are known and can be served.  The fact that the CFTC has already settled with them does not free the CFTC from service obligations for this new lawsuit.

1    It is true, as the CFTC urges, that "[t]o serve an unincorporated association, a plaintiff need

2    not serve every uncharged individual member of the association."  (ECF 53, p. 2).  But someone

3    must be served, and no one has been here.  The CFTC seeks a judgment ultimately enforceable

4    against individual DAO members if the fiction of the DAO being a partnership is accepted.[4]  Yet

5    not a single one has been served.  The due process clause of the United States Constitution

6    requires that the CFTC serve this complaint in a manner that complies with due process.

7    Otherwise this Court lacks jurisdiction over the Defendant. *Omni Capital Int'l v. Rudolf Wolff &*

8    *Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987).  The CFTC had the opportunity to seek the

9    relief that it seeks in the lawsuit against Bean and Kistner and chose not to.  The fiction of "service

10   on a DAO" by posting a lawsuit on a website does not satisfy due process.

11    Applicable law here is well-established.  Service of process by posting on a passive

12   website or in social media channels does not satisfy constitutional due process requirements.

13   "Indeed, service by publication is generally a method of "last resort" because of due process

14   concerns and the reality that such service rarely results in actual notice.'  Courts that permit

15   publication by website appear to do so only when such publication is paired with a second method,

16   typically email service or by redirecting a person attempting to access a defendant's website to the

17   service website instead."  *See iHealth Labs, Inc. v. Fingix, i-Enter.*, No. 20-CV-05699-VKD, 2020

18   WL 7260600, at *3 (N.D. Cal. Dec. 10, 2020) (citing cases and finding that "publication by

19   website alone, without any other mechanism to ensure that the unserved defendants have notice of

20   the website's existence, does not comport with due process.").

21   / / /

22

23   _____

24   [4] *See* Opposition, p. 15, fn. 12. ("litigating the breadth of hypothetical injunctive language is
premature and unnecessary to decide the issue before the Court— which is simply whether the
CFTC followed the law to serve the Ooki DAO, the only defendant it sued. That said, any

25   injunctive relief ultimately sought by the CFTC **will be crafted as narrowly tailored as possible**

26   **to best ensure the Ooki DAO's compliance with any final order, and, as such, it will apply to**
**individual Ooki DAO members, if at all, only to the extent those members control the DAO**

27   **and are in position to ensure its compliance with any final order**.") (emphasis added). Here we
see the CFTC's ultimate intention – an Order applicable to unnamed, unserved Ooki DAO token

28   holders, who in the CFTC's apparent sole discretion "are in a position to ensure compliance[.]"

8

## IV.  <u>THE CFTC HAS NOT DEMONSTRATED THAT THE OOKI DAO RECEIVED ACTUAL NOTICE</u>

"Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citations omitted).  Whether actual notice was received is irrelevant if the Complaint was not served in compliance with FRCP 4.  *See Urenda-Bustos v. Williams*, 822 F. App'x 577, 579 (9th Cir. 2020) (Failure of *pro se* plaintiff to personally learn defendant's personal address not grounds to reverse district court's dismissal for lack of personal service).

The Complaint was not served in compliance with FRCP 4.  Therefore, the CFTC's "actual notice" arguments fall flat and fail.  The CFTC states that "the DAO" itself has received notice but the DAO is not a body corporate – if we accept arguendo that the DAO is an unincorporated association made up of natural persons, it would be still necessary for some person or persons to act on its behalf and receive notice on its behalf.  No evidence of such notice has been provided.

Even if "actual notice" sufficed, the CFTC has not offered evidence to show that a single member of what it claims is an unincorporated association has been served.  The CFTC offers that a telegram channel, twitter feed, and online forum exist are each associated with Ooki DAO and reference this lawsuit.  However, there is no evidence as to who read messages in online fora and what their connection to Ooki DAO is.  Service, by any electronic means, is unanticipated in FRCP 4, and therefore Courts will generally require a plaintiff to demonstrate that the defendant to be served has dominion over the address of service.  See *TI, Ltd. v. Chavez*, No. 3:19-cv-01830-WQH-KSC, 2020 U.S. Dist. LEXIS 107044, at *3 (S.D. Cal. June 18, 2020) and *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 3:20-cv-01708-WQH-BGS, 2021 U.S. Dist. LEXIS 10071, at *6 (S.D. Cal. Jan. 19, 2021), requiring extrinsic evidence to the address itself that an email address is associated with a Defendant.  The central case in the Ninth Circuit allowing service by email, *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002), cautioned that there is "no way to confirm receipt of an email message" and therefore allowance of service by email must be tailored in each circumstance to ensure that its use complies with due process.  The CFTC does

9

1   not confirm, and offers this Court no method to confirm, the receipt of the Summons and

2   Complaint in this matter by a person who is empowered to defend the Defendant.

3       The CFTC has offered this Court no evidence of the relationship of anyone who received

4   the Summons and Complaint in this matter, if anyone did at all, to the Defendant.  There is no

5   evidence before the Court about the ownership and control of any of the online fora served.  The

6   CFTC, without explicitly stating so, is asking this Court to accept a rule wherein evidence of a

7   general awareness of the existence of a Summons and Complaint substitutes for evidence of the

8   receipt of the Summons and Complaint by the specific Defendant.  There is no basis for this in the

9   due process clause of the United States Constitution or in FRCP 4.

10      The CFTC asserts that it is beyond dispute that the DAO received actual notice of the

11  Summons and Complaint. ECF 53, p. 11.  The CFTC further alleges that the DAO is made up by

12  voting Ooki Token holders.  If the evidence is as clear as the CFTC claims it is, it should be able

13  to demonstrate that at least one person who holds an Ooki Token received actual notice of the

14  Summons and Complaint. It has not done so, and cannot do so.

15                          **<u>CONCLUSION</u>**

16  The CFTC charged and settled with two people who, through a corporate entity, operated software

17  that the CFTC contended violated the Commodity Exchange Act.  It then brought this lawsuit,

18  against users of that software, seeking to gild a regulatory enforcement lily by posting a lawsuit on

19  a website and seeking an injunction by way of a default judgment.  This is not how law is made in

20  our constitutional democracy and should not be countenanced by this Court.  For the

21  reasons set forth in its Amicus Brief and as set forth in greater detail herein, this Court should

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    vacate its earlier order granting the CFTC's Motion for Alternative Service, and DENY that

2    motion.

3    DATED: November 21, 2022                    Respectfully submitted,

4                                               BROWN RUDNICK LLP

5                                               ALEX GOLUBITSKY, PLLC

6

7                                        By:    *Stephen D. Palley*

8                                               STEPHEN D. PALLEY (*pro hac vice*)
                                               spalley@brownrudnick.com
9                                               601 Thirteenth Street NW Suite 600
                                               Washington, D.C. 20005
10                                              Telephone: (202) 536-1766
                                               Facsimile: (617) 289-0466
11

12                                              SAMUEL A. MONIZ (State Bar No. 313274)
                                               2211 Michelson Drive, 7th Floor
13                                              Irvine, CA 92612
                                               Telephone: (949) 752-7100
14                                              Facsimile: (949) 252-1514
                                               Email: smoniz@brownrudnick.com
15

16                                              ALEX GOLUBITSKY (State Bar No. 289236)
                                               3013 Libby Ter
17                                              Richmond, Virginia 23223
                                               Telephone: (206) 271-7417
18                                              Facsimile: (866) 301-2038
                                               Email: ag@agolubitsky.com
19

20                                              *Attorneys for Amicus Curiae, LeXpunK*

21

22

23

24

25

26

27

28

REPLY BRIEF OF LEXPUNK

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA

3

COUNTY OF ORANGE

4

5

At the time of service, I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 2211 Michelson Drive, Seventh Floor, Irvine, CA 92612.

6

7

8

9

On November 21, 2022, I served true copies of the following document(s) described as **REPLY BRIEF OF AMICUS CURIAE LEXPUNK IN OPPOSITION TO COMMODITY FUTURES TRADING COMMISSION'S CONSOLIDATED OPPOSITION TO AMICUS CURIAE MOTIONS FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE** on the interested parties in this action as follows:

10

## SEE ATTACHED SERVICE LIST

11

12

13

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

14

15

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

16

Executed on November 21, 2022, at Orange, California.

17

18

_____
JESSICA W. PELS

19

20

21

22

23

24

25

26

27

28

12

**SERVICE LIST**
**COMMODITY FUTURES TRADING COMMISSION V. OOKI DAO, et al.**
**CASE NO. 3:22-CV-05416-WHO**

| | |
|---|---|
| Thomas L Simek<br>U.S. Commodity Futures Trading<br>Commission<br>Division of Enforcement<br>2600 Grand Boulevard<br>Suite 210<br>Kansas City, MO 64108<br>816-960-7760<br>tsimek@cftc.gov | Attorneys for Commodity Futures<br>Trading Commission |
| Anthony C. Biagioli<br>U.S. Commodity Futures Trading<br>Commission<br>2600 Grand Boulevard<br>Suite 210<br>Kansas City, MO 64108<br>816-960-7722<br>abiagioli@cftc.gov | Attorneys for Commodity Futures<br>Trading Commission |
| Samir Deger-Sen<br>Latham and Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212-906-1200<br>212-751-4864 (fax)<br>samir.deger-sen@lw.com | Attorneys for Andreessen Horowitz |
| Douglas Kent Yatter<br>Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 100022<br>212-906-1200<br>212-751-4684 (fax)<br>douglas.yatter@lw.com | Attorneys for Andreessen Horowitz |
| Benjamin A. Naftalis<br>Latham and Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10022-4834<br>United Sta<br>212-906-1200<br>212-751-4864 (fax)<br>benjamin.naftalis@lw.com | Attorneys for Andreessen Horowitz |
| Matthew Rawlinson<br>Latham & Watkins LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>(650) 328-4600<br>(650) 463 2600 (fax)<br>matt.rawlinson@lw.com | Attorneys for Andreessen Horowitz |

James Michael McDonald                    Attorneys for DeFi Education Fund
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
212-558-3030
mcdonaldj@sullcrom.com

Ann-Elizabeth Ostrager                    Attorneys for DeFi Education Fund
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
212-558-7357
ostragerae@sullcrom.com

Laura Kabler Oswell                       Attorneys for DeFi Education Fund
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
650-461-5600
650-461-5700 (fax)
oswelll@sullcrom.com

Daniel J Richardson                       Attorneys for DeFi Education Fund
Sullivan & Cromwell LLP
1700 New York Avenue NW
Suite 700
Washington, DC 20005
202-956-7024
richa2dj@gmail.com

Alicia M. Roll                            Attorneys for DeFi Education Fund
Sullivan and Cromwell LLP
1870 Embarcadero Rd.
Palo Alto, CA 94303
650-461-5632
650-461-5700 (fax)
rolla@sullcrom.com

James Mahoney Burnham                     Attorneys for Paradigm Operations LP
DOJ-Civ
Jones Day
51 Louisiana Ave, NW
Washington, DC 20001
202-879-3939
jburnham@jonesday.com

Isabelle Hanna                            Attorneys for Paradigm Operations LP
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
202-879-3466
ihanna@jonesday.com

14

Rodrigo Seira                                 Attorneys for Paradigm Operations LP
Paradigm Operations LP
548 Market Street
San Francisco, CA 94104
415-986-9283
rodrigo@paradigm.xyz

Joshua Brooks Sterling                         Attorneys for Paradigm Operations LP
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
202-879-3769
jsterling@jonesday.com

Eric Tung                                      Attorneys for Paradigm Operations LP
Jones Day
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071-2452
213-243-2151
213-243-2539 (fax)
etung@jonesday.com