UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>OOKI DAO,<br><br>    Defendant. | Case No. 3:22-cv-05416-WHO<br><br>**ORDER TO SERVE INDIVIDUALS OR SHOW CAUSE** |

Plaintiff Commodity Futures Trading Commission ("CFTC") filed this suit against the Ooki DAO, a "decentralized autonomous organization," and I granted its motion for alternative service to permit service the online Chatbox and Discussion Forum. [Dkt. No. 17]. Four entities filed amicus briefs seeking reconsideration of the motion. [Dkt. Nos. 16, 22, 31, 36]. I held a hearing on the motions for reconsideration, at which the CFTC and the four amici appeared.

The CFTC's theory of service and of liability is that Ooki DAO is an entity comprised of Token Holders, who vote their tokens to govern the DAO. At the hearing, the CFTC asserted it knew that some of Ooki DAO's Token Holders reside and conduct business in the United States because the two founders of Ooki DAO's predecessor entity, bZeroX LLC, are Token Holders who reside in the United States. This was new information to me. Neither the complaint nor the CFTC's Motion for Alternative Service mention that the former founders, Tom Bean and Kyle Kistner, are or have been Token Holders. *See* Dkt. Nos. 1, 11, 13. Neither the Motion for Alternative Service nor the CFTC's Opposition to the motions for reconsideration, Dkt. No. 55, discusses why the CFTC did not serve Bean or Kistner with this complaint, in their roles as Token Holders of Ooki DAO. Rather, the CFTC argues that it is not required to serve any individuals.

I will address in detail the substance of the CFTC's arguments, as well at the amici's

counterarguments, in my upcoming order on the motions for reconsideration. As will be detailed in that order, it seems clear in this case that Ooki DAO has actual notice of the litigation. But to provide the best practicable notice, the CFTC should serve at least one identifiable Token Holder if that is possible. I will delay entering that order until the CFTC has made that attempt, as discussed in the next paragraph.

The CFTC is now ORDERED to serve Bean and Kistner, in their roles as Ooki DAO Token Holders, with the complaint and all relevant documents in this case at the earliest time practicable. If the CFTC is unable to do so, it is ordered to show cause why service is impossible. The CFTC must file confirmation of service or its response to show cause no later than January 11, 2023.

**IT IS SO ORDERED.**

Dated: December 12, 2022

William H. Orrick
United States District Judge