Rodrigo Seira
  (admitted *pro hac vice*)
PARADIGM OPERATIONS LP
548 Market Street
San Francisco, CA 94104
Phone: (415) 986-9283
rodrigo@paradigm.xyz

Eric Tung (SBN 275063)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Phone: (213) 489-3939
Facsimile: (213) 243-2539
etung@jonesday.com

James Burnham (admitted *pro hac vice*)
Joshua Sterling (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Facsimile: (202) 626-1700
jburnham@jonesday.com
jsterling@jonesday.com

*Counsel for* Amicus Curiae *Paradigm Operations LP (Additional Parties Listed Below)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>                Plaintiff,<br>     v.<br><br>Ooki DAO (formerly d/b/a/ bZx DAO), an unincorporated association,<br><br>                Defendant. | Case No. 3:22-cv-5416-WHO<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* PARADIGM OPERATIONS LP, LEXPUNK, DEFI EDUCATION FUND, AND ANDREESSEN HOROWITZ IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Date: May 17, 2023<br>Time: 2:00 p.m.<br><br>Honorable William H. Orrick |

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Paradigm Operations LP, LeXpunK, the DeFi Education Fund, and Andreessen Horowitz, through their undersigned counsel, move this Court for leave to file as *amici curiae* the attached brief.[1] This motion is supported by a proposed order granting the motion and the proposed *amici* brief, marked as Exhibit A.

### INTEREST OF *AMICI CURIAE*

*Amici* are stakeholders in the digital asset ecosystem and decentralized finance. The Court previously granted *amici* leave to file briefs in opposition to a motion for alternative service by the Commodity Futures Trading Commission ("CFTC" or "Commission"), and further permitted *amici* to file reply briefs on the issue, as well as participate in a hearing. In the months since that hearing, the Court has granted the Commission's motion for alternative service, the Commission has effectuated service on the "Ooki DAO" within the terms of the Court's Order, nobody has appeared to defend the Ooki DAO in response to that service, and the Commission accordingly now seeks a default judgment. *Amici* respectfully request leave to provide their views to the Court on that request.

### ARGUMENT

Trial courts have the discretion to allow the filing of an *amicus curiae* brief. *State v. Bureau of Land Mgmt.*, 612 F. Supp. 3d 925, 951 n.15 (N.D. Cal. 2020). Courts generally exercise "great liberality in permitting amicus briefs." *Cal. ex rel. Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quotation marks omitted). All an individual seeking to appear as an *amicus* must show is "that his participation is useful or otherwise desirable to the court." *Id.*

"[T]he 'classic role' of *amicus curiae* is 'assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *Stanley v. Ayers*, No. 07-cv-04727, 2021 WL 121191, at *2 (N.D. Cal. Jan. 13, 2021) (quoting *Miller-Wohl Co. v. Comm'r of Lab. & Indus., State of Mont.*, 694 F.2d 203, 204

---

[1] No party or counsel for a party authored the proposed brief in whole or in part, and no party, counsel for a party, or person other than the proposed *amici curiae* or its counsel has made any monetary contribution intended to fund the preparation or submission of the proposed brief.

(9th Cir. 1982)).  That is the role that *amici* seek to continue playing in this matter.  As when the Court previously permitted *amici* to participate in this matter, no counsel for the DAO or any individual has yet appeared to oppose the Commission's complaint.  Without the participation of *amici*, the Court might not hear, as the attached brief details, arguments concerning the unnecessarily overbroad nature of the relief the Commission seeks. .

## CONCLUSION

For the foregoing reasons, *amici* respectfully request leave from the Court to file the attached brief.

Dated: April 21, 2023

By:  /s/ Samuel A. Moniz
Samuel A. Moniz (SBN 313274)
BROWN RUDNICK, LLP
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Phone: (949) 752-7100
Facsimile: (949) 252-1514
smoniz@brownrudnick.com

Stephen D. Palley
  (admitted *pro hac vice*)
BROWN RUDNICK, LLP
601 Thirteenth Street NW Suite 600
Washington, DC 20006
Phone: (202) 536-1766
Facsimile: (617) 289-0466
spalley@brownrudnick.com

Alex Golubitsky (SBN 289236)
ALEX GOLUBITSKY, PLLC
3013 Libby Ter
Richmond, VA 23223
Phone: (206) 271-7417
Facsimile: (866) 301-2038
ag@agolubitsky.com

*Counsel for* Amicus Curiae
*LeXpunK*

By:  /s/ Eric Tung
Eric Tung (SBN 275063)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Phone: (213) 489-3939
Facsimile: (213) 243-2539
etung@jonesday.com

James Burnham
  (admitted *pro hac vice*)
Joshua Sterling
  (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Facsimile: (202) 626-1700
jburnham@jonesday.com
jsterling@jonesday.com

Rodrigo Seira (admitted *pro hac vice*)
PARADIGM OPERATIONS LP
548 Market Street
San Francisco, CA 94104
Phone: (415) 986-9283
rodrigo@paradigm.xyz

*Counsel for* Amicus Curiae
*Paradigm Operations LP*

By: */s/ Douglas K. Yatter*
Douglas K. Yatter (SBN 236089)
Benjamin Naftalis
  (admitted *pro hac vice*)
Samir Deger-Sen
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Phone: (212) 906-1200
Facsimile: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com
samir.deger-sen@lw.com

Matthew Rawlinson (SBN 231890)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Phone: (650) 463-3076
Facsimile: (650) 463-2600
matt.rawlinson@lw.com

*Counsel for* Amicus Curiae
*Andreessen Horowitz*

By: */s/ Laura Kabler Oswell*
Laura Kabler Oswell (SBN 241281)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, CA 94303
Phone: (650) 461-5600
Facsimile: (650) 461-5700
oswelll@sullcrom.com

Ann-Elizabeth Ostrager
  (admitted *pro hac vice*)
James M. McDonald
  (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10014
Phone: (212) 558-4000
Facsimile: (212) 558-3588
ostragerae@sullcrom.com
mcdonaldj@sullcrom.com

Daniel J. Richardson
  (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Ave. NW, Suite 700
Washington, DC 20006
Phone: (202) 956-7500
Facsimile: (202) 293-6330
richardsond@sullcrom.com

*Counsel for* Amicus Curiae
*DeFi Education Fund*

# EXHIBIT A

Rodrigo Seira
  (admitted *pro hac vice*)
PARADIGM OPERATIONS LP
548 Market Street
San Francisco, CA 94104
Phone: (415) 986-9283
rodrigo@paradigm.xyz

Eric Tung (SBN 275063)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Phone: (213) 489-3939
Facsimile: (213) 243-2539
etung@jonesday.com

James Burnham (admitted *pro hac vice*)
Joshua Sterling (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Facsimile: (202) 626-1700
jburnham@jonesday.com
jsterling@jonesday.com

*Counsel for* Amicus Curiae *Paradigm Operations LP (Additional Parties Listed Below)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Ooki DAO (formerly d/b/a/ bZx DAO),<br>an unincorporated association,<br><br>　　　　　Defendant. | Case No. 3:22-cv-5416-WHO<br><br>**BRIEF OF *AMICI CURIAE* PARADIGM OPERATIONS LP, LEXPUNK, DEFI EDUCATION FUND, AND ANDREESSEN HOROWITZ IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Date:　May 17, 2023<br>Time:　2:00 p.m.<br><br>Honorable William H. Orrick |

## INTEREST OF *AMICI CURIAE* AND INTRODUCTION

*Amici* are stakeholders in the digital asset ecosystem and decentralized finance. The Court previously granted *amici* leave to file briefs in opposition to a motion for alternative service by the Commodity Futures Trading Commission ("CFTC" or "Commission"), and further permitted *amici* to file reply briefs on the issue, as well as participate in a hearing. In the months since that hearing, the Court has granted the Commission's motion for alternative service, the Commission has effectuated service on the "Ooki DAO" within the terms of the Court's Order, nobody has appeared to defend the Ooki DAO in response to that service, and the Commission accordingly now seeks a default judgment. *Amici* respectfully oppose the entry of any judgment in this unprecedented proceeding, but they file this brief with the more limited and focused aim of urging that any default judgment the Court enters be a narrow one.

The Chief Justice of the United States has observed that "[i]f it's not necessary to decide more to dispose of a case, in my view it is necessary *not* to decide more."[1] It is difficult to imagine a context to which that admonition applies more directly than a default judgment proceeding—one in which no opposing parties appear and there is no true adversarial presentation. *Amici* recognize that this Court has determined the "Ooki DAO" is an association for purposes of service of process, such that the CFTC's suit could proceed. But that decision was a limited one, made in the preliminary posture of assessing "whether and how the DAO can be *served*"—*not* in a posture in which the Court assessed "whether the DAO is subject to regulation under the CEA," Order at 8, or whether "the DAO is an association that can be held liable under the CEA," *id.* at 13. *Amici* respectfully urge this Court to decide nothing more about the legal status of a DAO in the course of entering any default judgment here. In addition, they urge the Court to make clear that any default judgment it enters in this proceeding will run against only the "Ooki DAO" and assets in the Ooki DAO's treasury, rather than against any individuals or their personal assets.

---

[1] Chief Justice John Roberts, Georgetown University Law Center Commencement Address (May 20, 2006), https://www.c-span.org/video/?192685-1/georgetown-university-law-center-commencement-address; *see also, e.g.*, *PDK Lab'ys Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J. concurring in part and concurring in the judgment) ("[T]he cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more — counsels us to go no further.").

The CFTC has not sued any individual in this proceeding and it previously make clear it is not seeking to impose liability on any person.  *See, e.g.*, CFTC Opp. re Amicus Brs. at 2, 14.  Imposing such liability would, moreover, require resolving complex legal and factual questions that are not properly addressed outside the context of adversarial presentation of the law and the facts.  Should the Court enter a default judgment, it ought to avoid these uncharted waters.

In addition to not deciding more than necessary to dispose of the CFTC's motion, the Court should decline to enter the Commission's twenty-seven-page proposed order.  This Court's typical practice in a default posture appears to be entering a simple order that recites the procedural history and briefly discusses the *Eitel* factors before entering judgment (and that often says even less than that).[2]  There is no reason for the Court to depart from that typical practice to make extensive findings on the one-sided record before it—particularly where, as here, there is a strong "possibility of a dispute concerning material facts" about how the Ooki DAO operates, as well as a cascade of novel legal issues best left for future "decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  If this Court enters a default judgment, it should issue a simple order in line with those cited here that makes clear the Court's judgment is limited to the Ooki DAO and the Ooki DAO only.

### I. The CFTC Has Affirmatively Disclaimed Any Effort to Hold Individuals Liable and the Court Has Accordingly Not Found that Individuals Could Be Liable.

The CFTC has made clear that its Complaint seeks to impose liability only on the "Ooki DAO" as an entity, and not on any individual who owns or has previously owned Ooki DAO tokens.  *Amici* respectfully submit that the Ooki DAO is not an association or other sort of entity; but regardless, the Commission has affirmatively disclaimed any ability to obtain a judgment here that would personally bind any individuals.  *See, e.g.*, CFTC Opp. re Amicus Brs. at 2 ("simply

---

[2] *See, e.g.*, Dkt. 22, *Johnson v. LK Tea & Grill, Inc.*, No. 21-cv-08516 (N.D. Cal. June 27, 2022) (four-page discussion of *Eitel* factors); Dkt. 32, *Bd. of Trs. of the Sheet Metal Workers Pension Tr. of N. Cal. v. CER Mech. Corp.*, No. 20-cv-03462 (N.D. Cal. Apr. 9, 2021) (three-page discussion of *Eitel* factors); Dkt. 66, *Park Miller, LLC v. Durham Grp., Ltd.*, No. 19-cv-04185 (N.D. Cal. Oct. 13, 2020) (one-page discussion of *Eitel*); Dkt. 40, *Bd. of Trs. for the Cement Masons Health & Welfare Tr. Fund for N. Cal. v. C. Aparicio, Cement Contractor, Inc.*, No. 19-cv-02231 (N.D. Cal. Aug. 13, 2020) (two-page order); Dkt. 48, *Elec. Indus. Serv. Bureau, Inc. v. Being of Serv., Inc.*, No. 13-cv-05810 (N.D. Cal. Jan. 8, 2016) (two-page order).

incorrect" to "characterize the CFTC's Complaint as suing and/or seeking recovery directly against individual Ooki token holders"); *id.* at 14 (confirming that, should it obtain a "money judgment" here, "the CFTC could enforce that judgment only against the Ooki DAO's assets (including those held in the Ooki DAO Treasury)."); *id.* ("[A]ny judgment against the Ooki DAO in this litigation will not constitute a judgment against an individual Ooki DAO member."); *id.* at 14-15 ("In such a hypothetical future action or hypothetical amended current action, any alleged individual member would have the opportunity to present any applicable defenses to his or her alleged membership in the Ooki DAO or other defenses as that member sees fit.").

In addition to limiting itself to a judgment against the Ooki DAO, the Commission has disclaimed any intent to enforce any judgment it obtains against absent third parties. *Id.* at 15 ("Nor does the CFTC's complaint request that the Court enter judgment against any individual Ooki DAO member on the basis of that member's joint and several liability for a judgment against the Ooki DAO."). As the Commission has explained, it is seeking only "to obtain an injunction against the Ooki DAO as an entity" and "to recover from the Ooki DAO Treasury." *Id.* at 16 n.14. The Commission's pleadings thus make clear that any judgment should run no further than the sole named defendant—the Ooki DAO.

This Court's Order on Service of Process reflects these representations by the Commission. As the Court there explained, the CFTC "sued Ooki DAO as an entity and did not sue the individual Token Holders," such that, "[i]f the CFTC ultimately seeks damages or fees of any kind from the Treasury funds, it is not clear that the agency could require Token Holders to provide those individually." Order at 20. And the Court was further clear that its decision was limited to the specific context of serving process. *E.g.*, *id.* at 13 ("I reiterate that my determination that Ooki DAO has the *capacity* to be sued does not necessarily establish that the DAO is an association that can be held liable under the CEA. As discussed above, that is a question going to the merits of the case and can be addressed on a dispositive motion later in litigation."). The record in this case thus uniformly points toward narrow relief that does not bind absent individuals.

The Commission's and the Court's clarity on this point make sense, as it would potentially violate due process to issue a judgment that is binding on (or preclusive against) absent individuals

who were neither named in this action nor served with process.  The Supreme Court has repeatedly explained that "the right to be heard ensured by the guarantee of due process 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.'"  *Richards v. Jefferson Cnty.*, 517 U.S. 793, 799 (1996).  Here, the Commission made no effort to identify or serve any individuals and indeed publicly stated that this action would *not* bind absent third parties.  It would accordingly raise serious constitutional questions for a judgment to somehow alter the legal rights and obligations of such people.  By simply holding the Commission to its earlier word, by contrast, these constitutional difficulties can be avoided.

## II. There Are Difficult Questions About Potential Token-Holder Liability that the Court Ought Not Address in This Non-Adversarial Posture.

The above supplies a more than sufficient basis to limit any default judgment to the named defendant, but further favoring that course is the legal and factual complexity that would attend applying this Court's judgment to anyone else.  Earlier in this proceeding when *amici* argued that this unprecedented enforcement action raises a host of novel questions, the CFTC dismissed their concerns as concerning a "hypothetical lawsuit"—one that presents "facts about the Ooki DAO (or about hypothetical DAOs who are not before the Court) that are unsupported, untested, unripe, and inappropriate for consideration at this stage."  CFTC Opp. re Amicus Brs. at 19-20.  If this suit did not require resolving novel issues then, it does not require doing so now.  Once again, all that is before the Court is the CFTC's untested allegations and the legal views of *amici*.  There is no answer, no contrary evidence, and no filing from a party with a direct stake in the outcome.  While such a one-sided record might be sufficient to enter a default judgment against a named defendant that was served with process and that nonetheless declined to appear on the narrow question of liability for that named defendant (and only that named defendant), any such judgment should be limited to what is essential to dispose of the suit.

As *amici* previously explained, the legal status of individuals who own governance tokens in a DAO vis-à-vis that DAO involves novel legal, factual, and technological questions.  While *amici* recognize that this Court has found the Ooki DAO constitutes an unincorporated association

for purposes of process, the Court has not addressed (and should not address) the deeper questions implicated by the CFTC's suit. For example, it is unlikely that simply owning or voting a token could suffice to incur secondary liability under the Commodity Exchange Act. *See* Paradigm Amicus Br. at 9-11. Nor does the CFTC argue otherwise. There is thus no reason for the Court to address such issues, none of which need be addressed to resolve the Commission's current motion.

In addition to depriving the Court of adversarial presentation, the current default posture provides no basis on which to consider—let alone resolve—untested legal and factual issues concerning the relationship between the liability of the "Ooki DAO" and any potential liability of current or former token holders. Individual token holders cannot compel the DAO to appear and defend this action, and the DAO's former token holders have no say whatsoever in whether the DAO appears to defend this action. Nor, as noted above, do such current or former token holders have any *reason* to come contest personal liability—to the extent they even know that this suit exists. After all, the Commission has not attempted to serve any token holders and has further assured whatever token holders are following this litigation via its public filings that the current proceedings do *not* implicate them personally. In the Commission's words, it will "enforce" any "judgment only against the Ooki DAO's assets (including those held in the Ooki DAO Treasury)." CFTC Opp. re Amicus Brs. at 14. The current posture is thus a particularly ill-suited one for this Court to address the legal relationship (if any) between the Ooki DAO and those who own or have owned Ooki Tokens. The Court should accordingly make clear that any judgment it enters is binding solely on the DAO and does not pretermit the ability of a token holder to contest all aspects of liability and damages in any future action the Commission might bring.

**III.    The CFTC's Proposed Order Presents Additional Novel Issues the Court Should Decline to Address in the Current Default Posture.**

Finally, in addition to limiting any default judgment to the "Ooki DAO," the Court should neither make "findings" beyond the minimum necessary to support a judgment nor enter the more extravagant relief the Commission seeks. The Court should instead follow what appears to be its usual practice of explaining why a default judgment is appropriate under *Eitel* and explaining the precise relief awarded as well as the basis for awarding it. No more is required.

That is especially so in this case because one of the critical considerations in entering (and crafting) a default judgment is "the possibility of a dispute concerning material facts." *Eitel*, 782 F.2d at 1471-72. Here, the Commission's submissions contain apparent misstatements about the Ooki DAO—for example, concerning the DAO's ability to "operate" or "control" the Ooki Protocol. *See, e.g.*, CFTC Mot. for Default J. Prop. Order at 4 ("The Ooki DAO exists . . . to operate and monetize the Ooki Protocol."). As *amici* previously explained, token holders "in a particular DAO do not … 'operate' or 'control' the underlying protocols"; rather, their "voting rights are typically limited according to the specific parameters of each protocol, and do not involve the type of activities that the Commission would deem objectionable in its Complaint, such as allowing users to open orders or enter positions." Paradigm Amicus Br. at 3. DAOs generally cannot—and *amici*'s belief is that the Ooki DAO here cannot—"operate" an associated protocol in any conventional sense, as (for example) Google operates its popular search engine.

As to the Commission's requested relief, the Commission asks the Court to enter extremely broad relief, including remedies against third-party web hosting services that have not been named (or involved) in this litigation. *See id.* at 23-24. This request raises due process concerns similar to those noted above—as none of these companies are parties to this litigation—and presents its own set of difficult remedial questions. *Amici* respectfully submit that the prudent course would be to avoid the sweeping relief the Commission requests and enter a simpler order in line with previous orders this Court has issued, at least until the Commission makes further showings and provides more proof than it has thus far.

## CONCLUSION

The CFTC's suit is predicated on a complex constellation of factual and legal issues. Few courts have grappled with the factual nuances of blockchain-based protocols or the legal significance of such technology—and no court has done so against the backdrop of CEA liability for a DAO. *Amici* respectfully submit that the Court should confine any default judgment it enters to the named defendant, find no more than is minimally necessary to support the Court's judgment, and make clear that nothing in this default proceeding will alter the legal rights and obligations of any non-party individuals. Should the Commission desire to establish general legal rules to govern

this large-and-growing industry, it should do so using well-worn procedures like notice-and-comment rulemaking that provide stakeholders an opportunity to share their views in a reasoned way, that provide the Commission a platform to give clear guidance to regulated parties on how it understands the law's demands, and that provide a clean legislative rule that the judiciary can review in an orderly, adversarial challenge should a regulated party decide to bring one.

Dated: April 21, 2023

By: /s/ Samuel A. Moniz
    Samuel A. Moniz (SBN 313274)
    BROWN RUDNICK, LLP
    2211 Michelson Drive, 7th Floor
    Irvine, CA 92612
    Phone: (949) 752-7100
    Facsimile: (949) 252-1514
    smoniz@brownrudnick.com

    Stephen D. Palley
      (admitted *pro hac vice*)
    BROWN RUDNICK, LLP
    601 Thirteenth Street NW Suite 600
    Washington, DC 20006
    Phone: (202) 536-1766
    Facsimile: (617) 289-0466
    spalley@brownrudnick.com

    Alex Golubitsky (SBN 289236)
    ALEX GOLUBITSKY, PLLC
    3013 Libby Ter
    Richmond, VA 23223
    Phone: (206) 271-7417
    Facsimile: (866) 301-2038
    ag@agolubitsky.com

    *Counsel for* Amicus Curiae
    *LeXpunK*

By: /s/ Eric Tung
    Eric Tung (SBN 275063)
    JONES DAY
    555 South Flower Street
    Fiftieth Floor
    Los Angeles, CA 90071
    Phone: (213) 489-3939
    Facsimile: (213) 243-2539
    etung@jonesday.com

    James Burnham
      (admitted *pro hac vice*)
    Joshua Sterling
      (admitted *pro hac vice*)
    JONES DAY
    51 Louisiana Avenue, N.W.
    Washington, D.C. 20001
    Phone: (202) 879-3939
    Facsimile: (202) 626-1700
    jburnham@jonesday.com
    jsterling@jonesday.com

    Rodrigo Seira (admitted *pro hac vice*)
    PARADIGM OPERATIONS LP
    548 Market Street
    San Francisco, CA 94104
    Phone: (415) 986-9283
    rodrigo@paradigm.xyz

    *Counsel for* Amicus Curiae
    *Paradigm Operations LP*

| | |
|---|---|
| By: */s/ Douglas K. Yatter*<br>Douglas K. Yatter (SBN 236089)<br>Benjamin Naftalis<br>  (admitted *pro hac vice*)<br>Samir Deger-Sen<br>  (admitted *pro hac vice*)<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Phone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>douglas.yatter@lw.com<br>benjamin.naftalis@lw.com<br>samir.deger-sen@lw.com<br><br>Matthew Rawlinson (SBN 231890)<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Phone: (650) 463-3076<br>Facsimile: (650) 463-2600<br>matt.rawlinson@lw.com<br><br>*Counsel for* Amicus Curiae<br>*Andreessen Horowitz* | By: */s/ Laura Kabler Oswell*<br>Laura Kabler Oswell (SBN 241281)<br>SULLIVAN & CROMWELL LLP<br>1870 Embarcadero Road<br>Palo Alto, CA 94303<br>Phone: (650) 461-5600<br>Facsimile: (650) 461-5700<br>oswelll@sullcrom.com<br><br>Ann-Elizabeth Ostrager<br>  (admitted *pro hac vice*)<br>James M. McDonald<br>  (admitted *pro hac vice*)<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10014<br>Phone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>ostragerae@sullcrom.com<br>mcdonaldj@sullcrom.com<br><br>Daniel J. Richardson<br>  (admitted *pro hac vice*)<br>SULLIVAN & CROMWELL LLP<br>1700 New York Ave. NW, Suite 700<br>Washington, DC 20006<br>Phone: (202) 956-7500<br>Facsimile: (202) 293-6330<br>richardsond@sullcrom.com<br><br>*Counsel for* Amicus Curiae<br>*DeFi Education Fund* |

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(h)(3)**

Pursuant to Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: April 21, 2023                                    JONES DAY


                                                         By: */s/ Eric Tung*
                                                               Eric Tung