Thomas L. Simek (DC Bar #57268)
Anthony C. Biagioli (MO Bar # 72434)
Attorneys for Plaintiff
COMMODITY FUTURES TRADING COMMISSION
2600 Grand Boulevard, Suite 210
Kansas City, MO  64108
Telephone: (816) 960-7700
tsimek@cftc.gov
abiagioli@cftc.gov

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Commodity Futures Trading Commission,  Plaintiff,  v.  Ooki DAO (formerly d/b/a bZx DAO), an unincorporated association,  Defendant. | **CIVIL ACTION NO:  3:22-cv-05416-WHO**  **Hon. William H. Orrick**  **PLAINTIFF CFTC'S RESPONSE TO BRIEF OF *AMICI CURIAE* IN RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**  NOTICED HEARING DATE AND TIME:      Wednesday, May 17, 2023, at 2:00 p.m. |

Plaintiff Commodity Futures Trading Commission ("CFTC") files this Response to the Brief of *Amici Curiae* Paradigm Operations LP, LeXpunK, DeFi Education Fund, and Andreessen Horowitz in Response to Plaintiff's Motion for Default Judgment (ECF No. 70 Exhibit A, or "Brief").

This case involves an LLC which transformed itself into a DAO for the express purpose of continuing to offer an illegal trading platform without legal accountability.  *See* ECF No. 1 ¶ 3.  Despite being properly served with the Summons and Complaint, and discussing publicly whether and how to respond, the Ooki DAO made a strategic decision to default.  *See* ECF No. 63 at 8-9 (Order stating "[i]f the DAO fails to appear, it will be because of its strategic decision, not because it was unaware of the lawsuit").  The Ooki DAO's continued operation of its illegal trading platform puts the public at risk.  ECF No. 1 ¶¶ 12-24.

The CFTC now seeks a default judgment against the Ooki DAO (ECF No. 68).  Despite each *Amici's* stated interest as an industry stakeholder in opposing a default judgment, the Brief is striking for the absence of any substantive response to the merits of the Motion for Default Judgment.  *Amici* are "stakeholders in the digital asset ecosystem and decentralized finance" who, given those interests, "oppose the entry of any judgment" in this case.  Yet the Brief does not dispute that the Ooki DAO, as alleged in the Complaint, violated the charged provisions of the Commodity Exchange Act ("Act") and CFTC Regulations ("Regulations").  Simply put, *Amici* chose not to present to the Court any caselaw or argument contravening any of the CFTC's merits positions.  The absence of such argument reflects the strength of the CFTC's merits positions and supports the CFTC's argument that a default judgment is appropriate.

Importantly, the CFTC's Proposed Order (ECF No. 68-1) is narrowly written to apply only to the Ooki DAO.  Nevertheless, the *Amici* devote most of the Brief to opposing the imposition of liability on individuals.  Yet the *Amici* do not point to any actual language in the

Proposed Order that could be interpreted to impose such liability. Ironically, it is the *Amici* who contravene their own request that the Court decide no more than necessary by asking the Court to articulate the hypothetical scope of a hypothetical individual token holder's defenses to and liability for the Ooki DAO's conduct in a hypothetical future lawsuit against such an individual. Those issues are not before the Court, and the Court need not (and should not) address them here.

The level of detail of the factual findings and legal conclusions in the Proposed Order is appropriate. Notably, it tracks the level of detail entered by many other district courts in the Ninth Circuit in CFTC default actions—for good reason. Industry participants and future litigants alike will likely look to any default judgment order entered here for guidance as to what alleged conduct violates which laws. Importantly, the Proposed Order's factual findings merely track the Complaint allegations, which the Court *assumes to be true* (not finds to be true) for purposes of the Motion for Default Judgment. Detailing the factual assumptions and legal rationale for any order entered will provide guidance to industry participants and future litigants and, importantly, minimize the risk of others misconstruing the Court's order in the future.

Finally, the CFTC has provided legal support for each precise request for relief in the Proposed Order, including the provision to shut down the Ooki DAO's website (a provision which other courts have entered in CFTC actions, as the Motion for Default Judgment details). Like with the CFTC's merits positions, *Amici* cite no law disputing the appropriateness of any such request. In particular, removing the provision to shut down the website would eliminate an important and legitimate mechanism to enforce any default judgment. While stripping a default order of enforcement mechanisms may be consistent with a bZx Founder's desire to make the Ooki DAO enforcement-proof, *see* ECF No. 1 ¶ 3, it would be inconsistent with applicable law and stopping the unlawful conduct. Accordingly, the CFTC asks the Court to grant the relief as

described in the Proposed Order.

## I. The Ooki DAO's Alleged Conduct Violated the Act and Regulations, and a Default Judgment Is Appropriate.

The Motion for Default Judgment details why the Ooki DAO's alleged conduct violated the Act and Regulations and why the CFTC is entitled to a default judgment against the Ooki DAO. *See* ECF No. 68 at 2-13. Strikingly, *Amici* challenge none of this, despite being strongly incentivized to do so. The CFTC has established all of the required elements to impose a default judgment, and the Brief's lack of engagement with the merits strengthens that argument. The CFTC thus respectfully reiterates its request for a default judgment against the Ooki DAO.

## II. The Proposed Order Is Narrowly Written To Apply Only to the Ooki DAO.

The CFTC narrowly drafted the Proposed Order to apply only to the Ooki DAO, not individuals. *See, e.g.*, ECF No. 68-1 ¶¶ 52, 56, 58 (finding only that the "Ooki DAO" violated the law); ¶¶ 63-64 (injunction entered only against "Ooki DAO"); ¶ 68 (imposing civil monetary penalty only on "Ooki DAO"). Moreover, the Proposed Order makes clear that any injunction entered is binding only to the extent that the FRCPs require, and no further. *See* FRCP 65(d)(2) (providing that "[e]very [i]njunction" entered by a district court "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with [the parties or those persons]"); ECF No. 68-1 ¶ 74 (Proposed Order language tracking FRCP 65(d)(2) to the substantive letter). Thus, in this respect, the Proposed Order is drafted as narrowly as any default order against the Ooki DAO or any other entity could be drafted.

The Proposed Order does not impose liability on individuals. Despite that, the *Amici* urge the Court not to impose such liability throughout most of their Brief, and advocate that the Court opine as to various hypothetical individual liability scenarios which are not before the

Court.  Notably, the *Amici* do not point to any actual language in the Proposed Order that could be interpreted to impose liability on individuals or bind individuals inconsistent with applicable law.  Instead, ironically, after urging the Court to say no more than necessary to decide the issues before it, *Amici* themselves urge the Court to make pronouncements in this lawsuit (filed solely against an entity) as to which hypothetical defenses a hypothetical individual in some hypothetical future enforcement action might have to hypothetical future CFTC charges.  *See, e.g.*, Brief at 5 ("The Court should accordingly make clear that any judgment it enters is binding solely on the DAO and does not pretermit the ability of a token holder to contest all aspects of liability and damages in any future action the Commission might bring.")  Statements like these are problematic for multiple reasons:  for example, while the Proposed Order enters judgment and imposes an injunction and a penalty against the Ooki DAO only (and not against any individuals), FRCP 65(d)(2) plainly determines who is bound by an injunction against the Ooki DAO (just as it would with respect to any injunction entered against any entity).  Similarly, the law surrounding how and to what extent uncharged individual members of an unincorporated association (like partners in a general partnership) can hypothetically be held liable for the debts of the association (or partnership) in the event they are charged and served in some future lawsuit is complex and more nuanced than the language *Amici* propose.  *See, e.g.*, ECF No. 53 at 13-15 (CFTC brief setting forth nuanced individual liability framework which could potentially apply in some other case, but which was inapplicable in this case).  Thus, in short, what a hypothetical token holder in some hypothetical future action would have the right to contest is complex and is not before the Court, and the Court need not and should not make such a pronouncement.  Instead, the CFTC asks the Court to adopt the Proposed Order as written, which simply enters judgment against the lone defendant charged and tracks the law.

**III.    The Factual Findings and Legal Conclusions in the Proposed Order Are Appropriately Detailed.**

The Proposed Order's factual findings and legal conclusions are appropriately detailed. *See* ECF No. 68-1 at 2-12 (Findings of Fact), 13-20 (Conclusions of Law).   This tracks the level of detail entered by other district courts in the Ninth Circuit in other CFTC default actions,[1] and for good reason.  Industry participants and future litigants alike will likely look to any default judgment order entered here for guidance as to what alleged conduct violates which laws. Detailing the factual assumptions and legal rationale will minimize the risk of future litigants misconstruing any order the Court enters.

Importantly, in the Proposed Order—just as with any default judgment order—the Court merely *assumes* that the factual allegations are true.  *See, e.g.*, *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); ECF No. 68-1 (Proposed Order stating "[t]he Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true . . .").  This renders irrelevant *Amici's* attempts to contradict the Complaint with unsubstantiated factual assertions (*see* Brief at 6), which are meritless in any event.[2] Ultimately, by detailing its factual assumptions, the Court has an opportunity to make clear the precise alleged conduct that underlies its legal conclusions.

Similarly, by specifying its legal conclusions as reflected in the Proposed Order, the Court will ensure that its reasoning is clear and not subject to misconstruction.  Yet *Amici* press

---

[1]      *See, e.g.*, *CFTC v. Financial Tree*, No. 2:20-cv-01184-TLN-AC, 2022 WL 36416, at *2-20 (E.D. Cal. Jan. 4, 2022) (Magistrate Judge's Findings and Recommendations containing similar level of detail), *adopted in full*, 2022 WL 718391 (E.D. Cal. Mar. 10, 2022) (District Court adopting in full findings and recommendations, granting motion for default judgment, and entering judgment in CFTC's favor); *CFTC v. Am. Bullion Exch. ABEX, Corp.*, No. SACV10-1876 DOC (RNBx), 2014 WL 12603558,at *1-9 (C.D. Cal. Sept. 16, 2014) (default judgment order containing similarly detailed factual findings and legal conclusions); *CFTC v. WeCorp, Inc.*, No. 2:09-CV-000153-PMP, 2009 WL 10677037, at *2-8 (D. Haw. Sept. 11, 2009) (same); *CFTC v. Weinberg*, 287 F. Supp. 2d 1100, 1103-08 (C.D. Cal. 2003) (same).

[2]      *See., e.g.*, *In re bZeroX, LLC*, CFTC No. 22-31, 2022 WL 4597664, at *2-5 (Sept. 22, 2022) (reflecting bZeroX, LLC and its co-founders' consent to entry of CFTC factual findings tracking the Complaint allegations).

for a default order that says virtually nothing, so that all of the intermediate legal conclusions that are predicates to the ultimate legal conclusion that the Ooki DAO violated the charged provisions are left unspoken.  For example, the *Amici* "urge the Court to decide nothing more about the legal status of a DAO in the course of entering any default judgment here."  But a finding that the Ooki DAO is a "person" under the Act (a legal conclusion the Brief does not dispute) is, in fact, a predicate to imposing liability against the Ooki DAO.  In fact, multiple *Amici* sought to improperly litigate that precise merits issue (and many others) at the service stage, making their decision not to do so now (when they are actually ripe) more glaring and reaffirms the strength of the CFTC's legal positions.  In any event, in any order the Court issues, leaving unspoken such critical, interstitial legal analysis opens any order the Court enters to misconstruction.

To ensure clarity with respect to the factual and legal bases for any order the Court enters, the CFTC seeks appropriately detailed factual assumptions and legal conclusions, as other courts in the Ninth Circuit have done in CFTC actions.

### IV.   The CFTC Asks the Court To Enter Each Request for Relief in the Proposed Order.

The CFTC asks the Court to enter each request for relief in the Proposed Order.  The CFTC has detailed legal support for each form of requested relief.  *See* ECF No. 68 at 13-16.  Notably, as with the issues discussed above, *Amici* do not cite any law suggesting that any of the proposed relief is unwarranted.

The provision to shut down the Ooki DAO's website is particularly appropriate.  As noted in the Motion for Default Judgment, other courts in CFTC default actions have entered substantively identical provisions requiring not only the defendant, but also web-hosting and domain-name registration services, to remove the websites that facilitated the unlawful transactions at issue.  *See* ECF No. 68 at 15-16; ECF No. 68-1 ¶¶ 65-66.  That relief is especially

appropriate here, given that the Ooki DAO website is the primary means through which members of the public can access the Ooki Protocol and engage in the transactions that the Ooki DAO is unlawfully making available to them.  This relief fits comfortably within the broader universe of court-imposed requirements on third parties to effectuate court orders.  For example, to ensure the effectiveness of court-ordered asset freezes, courts routinely prohibit financial institutions who receive actual notice of the applicable restraining order and work in active concert or participation with defendants from allowing defendants to dispose of their assets held at those institutions.  *See, e.g.*, *CFTC v. Systematic Alpha Management, LLC*, No. 23-21527-Civ-Scola (S.D. Fla. Apr. 24, 2023), ECF No. 11 at Section 5(c);[3] *CFTC v. Financial Tree*, No. 2:20-cv-01184-TLN-AC, 2020 WL 3893390, at *14 (E.D. Cal. July 2, 2020).  Likewise here, to ensure the effectiveness of any court-ordered injunction, the Proposed Order merely prohibits web hosting and domain registration services who receive actual notice of the Proposed Order from working in active concert or participation with the Ooki DAO to circumvent the Court's order by helping the Ooki DAO continue to make its website available to the public.  While *Amici* briefly speculate (citing no law) that requiring third parties to take such steps may "raise[] due process concerns," the requested relief directly parallels relief entered by other district courts and sits comfortably within this broader legal framework.

Ultimately, *Amici* are implicitly suggesting that bZeroX's co-founder, who sought to "future-proof" the Ooki DAO, was right—that by creating a DAO without a centralized decision maker, if a DAO simply refuses to obey a court's order (for example, to take down a website that makes unlawful transactions available to the public), then there is "nothing [anyone] can really do."  But that is not the law and represents a radical and dangerous proposition that would enable rampant law-breaking with no accountability.  The CFTC thus respectfully requests that the

---

[3]     *Order available at* https://www.cftc.gov/PressRoom/PressReleases/8697-23.

Court authorize established mechanisms for the CFTC to enforce any order the Court issues.

## V.    Conclusion.

For the reasons above, the CFTC respectfully requests that the Court grant its Motion for Default Judgment (ECF No. 68) and enter the Proposed Order as submitted (ECF No. 68-1).

Dated:  May 5, 2023                             Respectfully submitted,

**COMMODITY FUTURES TRADING COMMISSION**

By:  /s/ Anthony C. Biagioli
Tom Simek (DC Bar # 57268), tsimek@cftc.gov
TRIAL COUNSEL
Anthony C. Biagioli (MO Bar # 72434), abiagioli@cftc.gov
Attorneys for Plaintiff
COMMODITY FUTURES TRADING COMMISSION
2600 Grand Boulevard, Suite 210
Kansas City, MO  64108
(816) 960-7700

PLAINTIFF'S RESPONSE TO *AMICI* RESPONSE TO PLAINTIFF'S MOT. FOR DEFAULT JUDGMENT

**<u>Certificate of Service</u>**

I hereby certify that on May 5, 2023, I caused a copy of the foregoing to be filed with the Clerk of the Court via the CM/ECF system as well as provided to the Defendant Ooki DAO through the Ooki DAO's Help Chat Box on the Ooki DAO website as well as by posting the foregoing to the Ooki DAO's Online Forum.

*/s/ Anthony C. Biagioli*
Counsel for Plaintiff

PLAINTIFF'S RESPONSE TO *AMICI* RESPONSE TO PLAINTIFF'S MOT. FOR DEFAULT JUDGMENT