UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CIVIL MINUTES**

| **Date:** May 17, 2023 | **Time:** 12 minutes 2:11 p.m. to 2:23 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.**: 22-cv-05416-WHO | **Case Name:** Commodity Futures Trading Commission v. Ooki DAO | |

**Attorneys for Plaintiff:**  Thomas L. Simek and Anthony C. Biagioli
**Attorneys for Defendant:**  Not in attendance
**Amicus Counsel:**  Daniel Richardson and James McDonald

**Deputy Clerk:** Jean Davis     **Court Reporter:** Summer Fisher

**PROCEEDINGS AND MINUTE ORDER**

Motion hearing and case management conference conducted via videoconference. The Court queries counsel as to jurisdictional issues. Counsel heard as to the relief being sought. The Court ORDERS as follows:

First, the CFTC shall submit a supplemental declaration of facts and may submit a supplemental brief demonstrating that this court has personal jurisdiction over Ooki DAO. As written, the complaint states that Ooki DAO "transacted business in this District," [Dkt. No. 1] ¶ 9, and that Token Holders resided in and conducted business in the United States during the relevant period, *id.* ¶ 49, but neither statement is sufficient to establish specific or general jurisdiction in this district. At the hearing, counsel suggested it established that Ooki DAO had minimum contacts with California by offering its website to all 40 million California residents, but that is not in the complaint, and at any rate it is not clear that assertion alone establishes personal jurisdiction. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229-31 (9th Cir. 2011) (discussing when conduct "on a nationally accessible website" subjects a defendant to personal jurisdiction); *see also AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209-12 (9th Cir. 2020) (applying *Mavrix*). It is not clear whether the CFTC can allege similar facts as those pleaded in the separate proceeding, *Sarcuni v. bZx DAO*, No. 22-CV-618-LAB-DEB, 2023 WL 2657633, at *11-12 (S.D. Cal. Mar. 27, 2023), where the plaintiffs apparently established personal jurisdiction over Ooki DAO and its predecessors in part by showing that at least one of the founders lived in San Diego and operated the Protocol from there.

Second, the CFTC may submit supplemental citations and/or arguments concerning its contention that I may use the equitable powers of the court to order the removal of the website, despite the failure of the pleadings to request such relief. At the hearing, counsel cited *United King Film Distrib. Ltd. v. Does 1-10*, No. 21-CIV-11024-KPF-RWL, 2022 WL 2473430

(S.D.N.Y. July 6, 2022), where the court ordered the websites with the copyrighted works to be shut down, but it is not clear that the plaintiff failed to plead that form of relief.  Rather, the complaint shows the plaintiff sought a preliminary injunction restraining defendants and any agents, etc., from carrying out the unlawful actions "through the Website."  *Id.* [Dkt. No. 1] at 11.  And though that court used its inherent equitable powers to permit plaintiffs to continuing identifying new infringing websites to be shut down, again that relief *was* sought in the complaint.

In its papers, the CFTC cites *CFTC v. J & K Futures, Inc.*, No. 11-00091-CV-W-FJG, 2011 WL 4729741, at *5 (W.D. Mo. Oct. 6, 2011), where the court ordered removal of the website that hosted the unlawful activities, but there the complaint specifically sought a permanent injunction to cease operation of the website, *id.* [Dkt. No. 1] at 7.  The CFTC also cites *U.S. CFTC v. Ortiz*, No. 11-14063-CIV, 2011 WL 2607106, at *7-8 (S.D. Fla. June 30, 2011), where the court ordered the removal of the websites that hosted unlawful activity.  Though it appears that relief was not specifically sought in the complaint, *id.* [Dkt. No. 1] at 16-21, neither did that court cite Fed. R. Civ. Proc. 54(c), which requires that the scope of relief granted in default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  I am unable to find any cases that permit plaintiffs moving for default judgment to seek relief different from what was pleaded, though the CFTC may point me to any such cases in its supplemental papers.

Any supplemental brief shall be no more than five pages, not including the facts in the supplemental declaration, and shall be filed on or before June 2, 2023.  Upon receipt and review of the supplemental briefing, a written order shall issue.

May 19, 2023                                                                William H. Orrick
                                                                            United States District Judge