UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                   Plaintiff,<br><br>          v.<br><br>OOKI DAO,<br><br>                   Defendant. | Case No.  3:22-cv-05416-WHO<br><br>**JUDGMENT** |

Pursuant to this Court's Order on Motion for Default Judgment, dated June 8, 2023, [Dkt. No. 76],

IT IS HEREBY ORDERED THAT JUDGMENT BE, AND HEREBY IS, entered in favor of plaintiff Commodity Futures Trading Commission ("CFTC") and against defendant Ooki DAO in accordance with the prayer for relief in the complaint, and in the amount of $643,542.

IT IS FURTHER ORDERED AND ADJUDGED that the following permanent injunction is entered against Ooki DAO, for the reasons stated in the Order:

Defendant Ooki DAO is permanently restrained, enjoined and prohibited from directly or indirectly:

a.  offering to enter into, entering into, executing, confirming the execution of, or conducting an office or business in the United States for the purpose of soliciting, or accepting any order for, or otherwise dealing in any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery, unless such transaction is made on or subject to the rules of a board of trade that has been designated or registered by the CFTC as a contract market for the specific commodity (i.e., a DCM), in violation of Section 4(a) of the Act, 7 U.S.C. § 6(a);

United States District Court
Northern District of California

United States District Court
Northern District of California

b.   acting as a futures commission merchant ("FCM") by (1) engaging in soliciting or accepting orders for an agreement, contract, or transaction described in Section 2(c)(2)(D)(i) of the Act, 7 U.S.C. § 2(c)(2)(D)(i); or acting as a counterparty in any agreement, contract, or transaction described in 7 U.S.C. § 2(c)(2)(D)(i); and (2) in connection with such activities, accepting any money, securities, or property (or extending credit in lieu thereof) to margin, guarantee, or secure any trades or contracts that may result therefrom, as described in Section 1a(28) of the Act, 7 U.S.C. § 1a(28); without having registered with the CFTC as an FCM, in violation of Section 4d(a)(1) of the Act, 7 U.S.C. § 6d(a)(1); and

c.   while acting as an FCM, failing to adopt a customer identification program as part of a Bank Secrecy Act compliance program, in violation of Regulation 42.2, 17 C.F.R. § 42.2 (2022).

The Defendant Ooki DAO is also permanently restrained, enjoined and prohibited from directly or indirectly:

a.   trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

b.   entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2022)), for its own personal account or for any account in which it has a direct or indirect interest;

c.   having any commodity interests traded on its behalf;

d.   controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e.   soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f.   applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation

2

1  4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2022); and/or

2  g.  acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a)

3  (2022)), agent or any other officer or employee of any person (as that term is defined in

4  Section 1a((38) of the Act, 7 U.S.C. § 1a(38)), registered, exempted from registration

5  or required to be registered with the Commission except as provided for in 17 C.F.R.

6  § 4.14(a)(9).

7  IT IS FURTHER ORDERED AND ADJUDGED that Ooki DAO shall remove or cause to

8  be removed from the Internet all webpages posted or authorized by Ooki DAO to be posted in

9  which Ooki DAO offers to enter into, enters into, executes, confirms the execution of, or conducts

10  business in the United States for the purpose of soliciting or accepting orders for, or otherwise

11  dealing in, any transaction in, or in connection with, leveraged or margined retail commodity

12  transactions whether through ooki.com, the Uniform Resource Locater (URL) associated with

13  such domain name, and/or any other domain name or URL created, operated, hosted and/or

14  authorized by the Ooki DAO, in whole or in part.  This includes, but is not limited to, submitting a

15  removal request of the domain name(s) associated with the conduct at issue in this case and

16  corresponding URL(s) to the appropriate webhost provider and/or domain registration company.

17  Any person or entity providing web-hosting or domain-name registration services in the

18  United States for any website, domain name, or affiliated URL under the ownership of the Ooki

19  DAO, in whole or in part, which the Ooki DAO uses to offer to enter into, enter into, execute,

20  confirm the execution of, or conduct business in the United States for the purpose of soliciting or

21  accepting orders for, or otherwise dealing in, any transaction in, or in connection with, leveraged

22  or margined retail commodity transactions, including, but not limited to, ooki.com, the URL

23  associated with such domain name, and/or any other domain name or URL created, operated,

24  hosted, and/or authorized by the Ooki DAO, in whole or in part, who receives actual notice of this

25  Order by personal service or otherwise, shall:

26  a.  remove or cause to be removed from the Internet all webpages, within their control, which

27  are posted or authorized to be posted by the Ooki DAO or any persons and entities insofar

28  as they are acting in the capacity of agents, servants, employees, successors, assigns, or

United States District Court
Northern District of California

3

1     attorneys of Ooki DAO, in which the Ooki DAO offers to enter into, enters into, executes,

2     confirms the execution of, or conducts business in the United States for the purpose of

3     soliciting or accepting orders for, or otherwise dealing in, any transaction in, or in

4     connection with, leveraged or margined retail commodity transactions;

5     b.  preserve all documents related to any website operated, in whole or in part, under the name

6       ooki.com, as well as any website that is substantially identical in appearance to that

7       website; and

8     c.  immediately notify counsel for the CFTC of any other web page or website operated or

9       controlled by or on behalf of the Ooki DAO.

10

11     **IT IS SO ORDERED.**

12 Dated: June 8, 2023

13

14

15                   William H. Orrick
                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28